May Term,
1857.

JOHNSON
v.
JOHNSON.

---

Johnson and Wife *v.* Johnson and Others.

By sections 17 and 27, 1 R. S. pp. 250, 251, the interest of a widow in real estate of her deceased husband is reduced only in favor of creditors.

Tuesday,
May 26.

APPEAL from the *Warren* Court of Common Pleas.

Gookins, J.—This was a proceeding for partition of the real estate of which *Thomas Johnson* died seized, among his widow and heirs.

The testator by his will directed his real estate to be divided among them according to the existing law of de-

scents, and died, in *July*, 1853. It was proved to be worth over 20,000 dollars. The Court of Common Pleas adjudged that the widow was entitled to one-third in fee of the whole estate. The appellants insist that she was entitled to but one-fifth.

The law of descents of 1852 contains the following sections:

"SEC. 17. If a husband die, testate or intestate, leaving a widow, one-third of his real estate shall descend to her in fee simple, free from all demands of creditors; *provided*, however, that where the real estate exceeds in value ten thousand dollars, the widow shall have one-fourth only, and where the real estate exceeds twenty thousand dollars, one-fifth only, as against creditors.

"SEC. 27. A surviving wife is entitled, except as in section seventeen excepted, to one-third of all the real estate of which her husband may have been seized in fee simple, at any time during the marriage, and in the conveyance of which she may not have joined, in due form of law; and also, of all lands in which her husband had an equitable interest at the time of his death: *provided*, that, if the husband shall have left a will, the wife may elect to take under the will, instead of this or the foregoing provisions of this act." 1 R. S. pp. 250, 251.

Both these sections give the wife one-third, as against the heirs at law. The exception contained in the 17th section reduces her claim only in favor of creditors.

The appellants insist, also, that the widow was not entitled to one-third in fee, but only to one-third for life; because, they say, the law of the marriage governs as to the rights of the wife.

The appellants cannot raise that question upon this record; because, first, the case is governed by the will; and, secondly, neither the date of the marriage, nor the time of acquiring the property by the testator, are proved (1).

*Per Curiam.*—The judgment is affirmed with costs.

*R. A. Chandler*, for the appellants.

_____

(1) But see *Noel et ux.* v. *Ewing et al. post.*