GREGORY ET AL. *v.* WILSON ET AL.

TAX.—*Mortgage.—Crop Raised by Heirs of the Mortgagor after Foreclosure.*—A mortgage on real estate was foreclosed, and the real estate was sold under the decree of foreclosure to the mortgagee. Thereafter the mortgagor died, and afterwards a crop of corn was planted and cultivated on said land by the widow and son of the mortgagor, which fully matured before the year for the redemption of the land had expired.

*Held,* that said corn was not liable for the payment of taxes chargeable against the mortgagor.

SAME.—*Seizure of Property.*—A county treasurer could not legally seize property for taxes of the year 1873, until after the third Monday of April, 1874.

From the Morgan Circuit Court.

*W. R. Harrison* and *W. S. Shirley,* for appellants.

*C. F. McNutt* and *G. W. Grubbs,* for appellees.

DOWNEY, J.—Two errors are assigned in this case:

1. Overruling the demurrer to the complaint and amended supplemental complaint; and,

2. Sustaining the demurrer to the second paragraph of the answer.

The pleadings are in some respects peculiar. Amanda B. Wilson, administratrix of the estate of William W. Wilson, deceased, filed a petition, as it is styled, representing that the deceased, in his lifetime, was the owner of certain real estate in the county of Morgan, which he had mortgaged to one William N. Cunningham; that at the death of said deceased, February 7th, 1873, the mortgage had been foreclosed, and the land sold to the mortgagee; that after the death of said deceased, and during the cropping season of 1873, before the time for the redemption of said land had expired, the said administratrix caused to be planted and cultivated upon said land a crop of corn, which said crop of corn fully matured before the period for redemption expired; that the estate of said deceased being wholly insolvent, the said crop was necessary to be used for the payment of the preferred claims against said estate; that, for the purpose of paying such debts, the petitioner, as such administratrix, sold and delivered said corn to one Allen Watkins, for thirty-five cents per bushel; that when said land was sold and bought by said Cunningham, there were due the taxes for several years on the land, subject to which said land was purchased by said Cunningham; that after the sale of the corn by said petitioner to said Watkins, the said Cunningham, by threats and otherwise, procured the treasurer of said county of Morgan, John N. Gregory, to seize said corn for taxes, and to advertise and sell the same for said taxes; that said sheriff [treasurer?] made said sale, subject to said previous sale, if the same should be found to be valid; that Watkins bought said corn under protest, and with the agreement and understanding that the price therefor should not be paid until the question of ownership should be determined by the court; and the plaintiff

alleges that the said sale is wrongful, and that the said Gregory and Cunningham thereby became intermeddlers and wrong-doers.

Prayer, that the [defendants?] be enjoined and restrained from intermeddling with said estate and the property thereof and with the proceeds of said sale; that Watkins, Gregory and Cunningham be summoned to answer herein; and that upon final hearing the plaintiff have judgment for the value of said corn and other relief.

A demurrer to this complaint or petition was filed and submitted to the court, but the record does not show that it was ever decided.

Subsequently, what is denominated a supplemental complaint was filed, in which said Amanda B., as the widow of said deceased, and William V. Wilson, the only surviving child and heir of the said deceased, allege, by way of petition to be made defendants to the action and for answer to the complaint therein, that they have an interest in said cause, and as such heirs at law are entitled to the rents and profits of said land and the issues therefrom, which ought to be adjudged to the plaintiff in her action as administratrix, and claimed, as well, by said defendants; they further say that the corn crop and the proceeds thereof, which grew upon the farm mentioned in the complaint, belonged to the said petitioners, as heirs at law of said deceased; that their said ancestor died at Indianapolis, Indiana, and large expenses were incurred in the funeral of the said deceased, for the payment of which she, the administratrix, has no means; that they desire that the proceeds of said crop shall be used for said purpose, and hence were and are willing to surrender their right herein to said administratrix for that purpose; but if said administratrix cannot, as against said defendants, be allowed to take them, then they insist upon their legal rights as heirs aforesaid. Hence, they ask to be made parties, and pray judgment that the said Watkins be ordered and adjudged to pay over to them the proceeds of said rents, profits and issues, in his hands, and that the said Kennedy

be adjudged to pay the money in his hands derived from the issues and rents of said land, and for other relief.

The defendants demurred to the "petition and complaint" of said Amanda B. and William V. Wilson, on the ground that the same did not state facts sufficient to constitute a cause of action; the demurrer was overruled, and there was an exception.

The substance of the petition, or complaint, is, that the plaintiff, as executrix, had raised a crop of corn on the land, which had been owned and mortgaged by her deceased husband, the testator, but which had, prior to his decease, been sold on a foreclosure of the mortgage to Cunningham, the mortgagee, but had not yet been conveyed; that she had, after the maturity of the crop, sold it to Watkins at thirty-five cents per bushel. How many bushels there were of the corn does not appear, but no objection to the complaint is made on this account. The object of the action, so far as Watkins is concerned, was to recover from him the price of the corn. Gregory appears to have been made a party for the reason that he, as treasurer, was asserting a claim for taxes. Why Cunningham was made a party does not fully appear.

So far as we can see, the pleading of Amanda B. and William V. Wilson, which is probably a cross complaint, if it can be classified, is sufficient as a cross complaint to authorize them to recover the amount due from the defendant Watkins for the corn purchased by him of the plaintiff, if it was owned by them, and the demurrer to it was correctly overruled. As we have seen, the demurrer to the original complaint was never decided by the circuit court, and there is, therefore, no question as to that.

The second paragraph of the answer contains, in substance, the following allegations: that one Egbert, the predecessor in office of Gregory, the treasurer, on the 15th day of October, 1872, had in his hands the tax duplicate of said county, with the proper precept directed to him by the proper officer to collect the same; that there was assessed against said deceased, and charged to him on said duplicate, and due

from him, of state, county, and other taxes, duly and legally assessed, the sum of eight hundred dollars, which were afterwards returned delinquent and unpaid; and that there accrued and were assessed against said deceased, of such taxes, for the year 1873, the further sum of four hundred dollars; all of which said taxes were properly and legally placed, set forth, charged and assessed on the tax duplicate of said county, which tax duplicate, with the proper precept issued by the auditor of said county was, on the 15th day of October, 1873, duly delivered to the defendant Gregory for collection and enforcement, said Gregory then being the treasurer of said county, having been inducted into said office on the 6th day of August, 1873, as the successor of said Egbert; that the said taxes were a lien upon the said crops and corn set forth in the complaint; that said deceased died on the 7th day of February, 1873, being at the time insolvent; that during the year 1873, there was no other personal property of said deceased that could be seized or taken for said taxes in said county of Morgan; that the said crops and corn so seized were the one-half of the crops and corn raised by tenants of plaintiffs as heirs of said deceased upon the lands of said deceased upon which said taxes were so assessed as aforesaid; that of the said taxes and the said claims of said State and county therefor, whereby said Egbert and said Gregory levied upon and seized said crops and corn to be sold to pay said taxes, the plaintiff had notice at and during all the time aforesaid, and of which said Watkins also had notice before he purchased said corn; and that said taxes still remain due and unpaid and a lien upon the price of said corn in the hands of said Watkins; wherefore, etc.

The objection to this paragraph of the answer, urged by the appellees, is, that it fails to show that the crop of corn was liable to seizure for the payment of the taxes in question. They claim that the crop was not the property of the deceased, against whom the taxes were assessed; that it had no existence at the time of his death, but was made wholly by the labor of the appellees after his death; that it belonged

to them; that they took possession of the land as his heirs; they raised the crop of corn upon it, but it did not become liable or subject to the lien of the taxes. They say the lien of the taxes followed the land and what other property Wilson had when the duplicate came into the hands of the treasurer, but could not follow and attach to property that had no existence at the time of his death, but was created entirely by the labor of appellees after his death.

On the other hand, it is claimed that the statute makes the land mortgaged taxable to the mortgagor until the mortgagee shall take possession; that Cunningham did not get possession until after the crop of corn matured in 1873. It then remained the property of William W. Wilson and, after his death, his heirs, the said Amanda B. and William V. Wilson, until after the time for redemption had expired; that to make this point still stronger against the said Amanda B. and William V., as to the tax of 1873, they became the owners of the land on the death of said deceased, in February, 1873, and, being the owners in April, were liable, under the statute, to pay the taxes of that year, and the treasurer had the right to seize the corn for the taxes of that year; that the administratrix had no right to claim the same to pay debts, funeral expenses, or any other debts as against the right of the State and county for taxes; that whether the estate was solvent or insolvent, the said Amanda B. and William V. could not give it to the administratrix so as in any manner to affect the rights of the treasurer. It is urged that there is no such thing as a tax upon land or personal property irrespective of an owner, and that the law provides who that owner is, and that in this case the widow and child were the owners after the death of the deceased.

It is alleged in the answer, that the corn in question was one-half of the crop raised on the mortgaged premises by the tenants of the widow and child of the deceased.

It appears to us that this allegation is in contradiction of the allegation in the complaint that the administratrix caused the crop to be planted and cultivated. We must

regard this answer as averring that the crop was raised by the widow and son of the deceased, and not by the widow as administratrix, and must judge of the sufficiency of the second paragraph of the answer in that view of it.

This crop of corn was wholly grown and produced after the death of the deceased, and while the widow and son of the deceased were, by their tenants, in possession of the land on which it was raised, and nominally, at least, the owners thereof; and we do not think it ever was the property of the deceased or liable for the payment of the taxes for the years prior to 1873, charged against him.

But it is claimed that it was liable to be seized as the property of the widow and son of the deceased, on the ground that, as the land descended to them at his death, in February, 1873, they were chargeable with the taxes for that year. If it be conceded that they were liable for the payment of the taxes on the land for the year 1873, it does not follow that the corn in question was liable to be seized for the taxes at the time when it was done. The treasurer could not legally have seized the corn for the taxes of that year until after the third Monday of April, 1874. Acts 1872, Spec. Ses., 101, sec. 155. Formerly the time was the third Monday of March. See *Veit* v. *Graff*, 37 Ind. 253.

We must hold the action of the court in sustaining the demurrer to the second paragraph of the answer correct.

The judgment is affirmed, with costs.