Ragsdale *et al. v.* Mathes.

———————•———————

## RAGSDALE ET AL. *v.* MATHES.

SHERIFF'S SALE. — *Redemption of Real Estate.* — *Rents and Profits.* — Where the rents and profits of real estate for a term of years, not exceeding seven years, are sold by the sheriff on execution, the interest so sold may be redeemed within one year from the date of the sale, under the provisions of the act of June 4th, 1861, 2 G. & H. 251, and the purchaser at such sale is not entitled to possession during such period; the provisions of said act being applicable in such case, as well as where the fee simple is so sold.

From the Johnson Circuit Court.

*R. M. Johnson,* for appellants.

*G. M. Overstreet* and *A. B. Hunter,* for appellee.

BIDDLE, J.—The facts alleged in the complaint, necessary to a decision of this case, may be stated, in their proper order, as follows:

Robert A. Alexander recovered a judgment before Solomon W. Clemmer, a justice of the peace, against John M. Simpson, for forty-seven dollars and forty-six cents, with costs, and afterwards, on the 8th day of August, 1873, filed a transcript thereof in the clerk's office of the Johnson Circuit Court. On the 2d day of February, 1874, John M. Maxwell recovered judgment, in the Johnson Circuit Court, against John M. Simpson, for one hundred and eighty-one dollars and ninety-five cents, with costs. On the 24th day of April, 1874, executions were issued on said judgments, out of the clerk's office of the Johnson Circuit Court, to the sheriff of Johnson county, who levied the same on certain lands belonging to said John M. Simpson, and afterwards,

on the 16th day of May, 1874, sold the rents and profits of the same for the term of seven years to the appellants, and executed a lease for the premises to them, for seven years from and after the day of sale.

The appellants, before the commencement of this suit, demanded possession of the premises from the appellee, who, as they allege, wrongfully claims a right thereto, and who refused their demand. Prayer for possession and damages.

There is no direct averment, in the complaint, of the right of possession in the appellants. The only title they show is derived through their purchase at the sheriff's sale and the lease made to them by the sheriff.

The court sustained a demurrer, for want of sufficient facts, to the complaint, and rendered judgment for appellee. The exceptions, appeal and assignment of error properly raise the question of the sufficiency of the complaint, which is the only point in the case.

The appellants earnestly insist that a term for the rents and profits of land, when sold at sheriff's sale, cannot be redeemed under the act of June 4th, 1861, and have presented us with an elaborate printed argument; but they have failed to convince us that their views are correct. Section 463, 2 G. & H. 246, provides for the sale of the rents and profits of land for a term not exceeding seven years, and sections 464 and 465 provide how it shall be done; and the first section of the act of June 4th, 1861, 2 G. & H. 251, provides, " that whenever, hereafter, any real property or any interest therein shall be sold on any execution or order of sale issued upon any judgment, decree or other judicial proceeding within this State, the owner thereof, his heirs, executors, administrators, or any mortgagee or judgment creditor having a lien upon the same may redeem such real property or interest therein, at any time within one year from the date of such sale, by paying to the purchaser, his heirs or assigns, or the clerk of the court from which such execution or order of sale was issued, for the use of such

purchaser, his heirs or assigns, the purchase-money, with interest thereon at the rate of ten per cent. per annum."

The second section provides, that, "upon payment of the purchase-money, the sheriff or other officer making such sale shall issue to the purchaser a certificate, showing the court in which the judgment or decree was rendered, the parties to the action, the date of the sale, the name of the purchaser, the amount of the purchase-money, and a description of the premises sold, which certificate shall entitle the holder thereof to a deed of conveyance, to be executed by the officer making the sale, at the expiration of one year from the date of such sale, if the property shall not have been previously redeemed. The judgment debtor shall be entitled to possession of the premises for one year after the sale, and in case they are not redeemed at the end of the year as provided in this act, he shall be liable to the purchaser for their reasonable rents and profits."

Sections 463, 464 and 465 of the code and the act of June 4th, 1861, are in harmony, and may be construed together.

The appellants seem to think, because the act of June 4th, 1861, provides that the sheriff shall issue to the purchaser a certificate of the sale, which, upon failure to redeem, shall entitle him to a deed of conveyance, and nowhere uses the word "lease," that their purchase in this case is not within the act; and, therefore, that they are entitled to enter upon their term at once, without its being subject to redemption by the owner. But we think differently. A deed of conveyance for a term of years in land, if it be for a less estate than the lessor holds therein, is a lease—nothing more, nothing less, nothing else. It would, indeed, be a most anomalous construction of the act, to hold that the owner could redeem a fee simple, yet could not redeem a term of years, when it expressly provides for the redemption of any real property or any interest therein.

The judgment is affirmed, with costs.

Petition for a rehearing overruled.