## HENDRIX ET AL. *v.* HENDRIX, EXECUTOR.

DECEDENTS' ESTATES.—*Action by Executor on Promissory Note.—Set-Off.—*
*—Rents of Testator's Real Estate.—Tort of Executor.*—In an action by an
executor, on a promissory note executed to him, as such, for property be-
longing to the estate and sold by him to the defendant, the latter answered
by way of set-off, seeking to charge the plaintiff, as executor, for rents
accruing to the defendant since the executor's appointment, from real
estate of which the testator died seized, collected by the executor and
used for the benefit of the estate, which was solvent.

*Held,* on demurrer, that the answer is insufficient.

*Held,* also, that the executor individually, but not the estate, is liable for such
rents.

SAME.— *When Executor May Receive Rents.*—An executor, as such, has no
right to take possession of his testator's real estate, or to receive the rents
thereof, unless authorized so to do by the will, or in the absence of any
heir or devisee on the death of the testator.

From the Clay Circuit Court.

*S. W. Curtis* and —— *Holliday,* for appellants.

*I. M. Compton, G. A. Knight* and *C. H. Knight,* for ap-
pellee.

NIBLACK, J.—The complaint in this case was by Eli Hen-
drix, executor of the last will of John Hendrix, Senior, de-
ceased, against Joanna Hendrix and Frank W. Armstrong,
upon a promissory note as follows:

"$156.25.          Brazil, Ind., October 29th, 1875.

" Nine months after date we promise to pay to the or-
der of Eli Hendrix, executor, one hundred and fifty-six
$\frac{25}{100}$ dollars, value received, without any relief from valua-
tion and appraisement laws of the State of Indiana, with
interest at 7 per cent. per annum from date, and ten per
cent. after maturity until paid.   JOANNA HENDRIX,
                    " FRANK W. ARMSTRONG."

A demurrer to the complaint was overruled, but the al-
leged insufficiency of the complaint is not insisted upon in
this court.

The defendants answered in two paragraphs:

1.   Payment before the commencement of the suit;

2. "And for further answer in this behalf the defendant Joanna says, that she is the principal in said note, and her codefendant is surety on the same, which fact was well known to the plaintiff when he took the note; that the plaintiff, in his capacity as executor of the estate of John Hendrix, Sr., deceased, was, before the beginning of this suit, and still is, indebted to defendant Joanna Hendrix in the sum of six hundred dollars, for money and produce had and received by him from said defendant to the use of said estate, and that said estate is and was perfectly solvent, a bill of particulars of which is filed herewith and made a part hereof; that the said Eli, as such executor, received, and receipted the parties therefor, and placed said moneys so collected, and the proceeds of said corn, wheat and oats, in the funds belonging to the estate of said John, deceased, and paid the same out on the debts of the said John, contracted before his death. Defendant says that the estate received the benefit of said moneys so collected, and that the note in suit was given to plaintiff for property sold by him as such executor; that all of said rents and royalty were so received by him and so applied, and were the rents and profits of one-third of the real estate that the said John died seized of, and all accrued and became due this defendant since the said plaintiff took out letters of executorship. Defendant offers to set off a sufficient amount of said claim to satisfy any amount found due the plaintiff, and asks judgment for the residue, with costs and all other proper relief."

It is unnecessary to refer to the bill of particulars further than to say, that all the items in it are charges against the said 'Eli Hendrix, executor as above set forth, for one-third part of certain royalties and rents of various kinds, arising from real estate of which the said John Hendrix, Sr., died seized, and accruing since the death of said deceased, which it was alleged the said Eli Hendrix had collected in his capacity as such executor.

The plaintiff demurred to the second paragraph of the answer, and his demurrer was sustained.

Issues being joined on the first paragraph of the answer, the cause was tried by the court, resulting in a finding and judgment for the plaintiff for the amount of the note, with interest.

The decision of the court in sustaining the demurrer to the second paragraph of the answer constitutes the only question discussed by counsel in their argument here.

As a general rule an executor, as such, has no authority to take possession of the real estate of his testator, or to receive the rents and profits thereof, in the absence of an express provision of the will authorizing him to do so. The only exception to this rule is where there is no heir or devisee of the testator present at the time of his death to take possession of such real estate. 2 R. S. 1876, p. 535, secs. 110, 111.

It is not averred in this second paragraph of the answer, either that the plaintiff was empowered by the will to collect the rents and royalties charged against him, or that there was no heir or devisee present at the time of the death of the testator to take charge of the real estate left by him. In the absence of both such averments the allegation of the paragraph must be construed to mean, that the plaintiff collected the royalties and rents therein referred to, by virtue of his general authority as executor of the last will of John Hendrix, Sr., deceased, and used the proceeds arising therefrom, for the benefit of the estate of said decedent. Under such circumstances, the collection and use of such rents and royalties, for the benefit of the testator's estate, did not make such estate liable for a repayment of the amount of such rents and royalties to either the heirs or devisees of John Hendrix, Sr., under the will. The executor only became thereby personally liable to answer for what he had no authority to receive. *Hankins* v. *Kimball*, 57 Ind. 42; *Rodman* v. *Rodman*, 54 Ind. 444.

The court did not, therefore, err in sustaining the demurrer to the second paragraph of the answer.

The judgment is affirmed, at the costs of the appellants.