Kidwell v. Kidwell et al.

No. 9100.

KIDWELL v. KIDWELL ET AL.

DECEDENTS' ESTATES.—*Administrator.*—*Real Estate.*—*Rents.*—*Growing Crops.* —An administrator as such has no right under the statute to control the possession or receive the rents and profits of the real estate of the intestate, or to take the crops planted or grown after his death, when the heirs are present.

SAME.—*Descents.*—*Widow's Interest in Real Estate.*—*Rents and Profits.*—*Heir.* —*Creditors.*—*Sale to Pay Debts.*—Under the statute the widow of an intestate takes, as against the heirs, one-third of the real estate, but, as against creditors, her share may be less, if the value of the land exceed $10,000 (R. S. 1881, section 2483), but in the latter case her right to a full third can only be abridged by sale to pay debts, and until such sale the rents and profits are hers.

SAME.—*Partition.*—*Widow Tenant in Common.*—Where a widow by partition obtained one-fifth of her husband's real estate in severalty (being her full share as against creditors), she remained a tenant in common with the heirs of the remaining four-fifths, having an undivided share of two-fifteenths therein, subject, however, to sale to pay debts of the intestate husband.

TENANTS IN COMMON.—*Parties.*—*Rents.*—Tenants in common of lands may maintain a joint action against one who wrongfully takes the annual profits thereof.

PLEADING.—*Harmless Error.*—*Practice.*—Where there is an answer of general denial, and another paragraph alleging facts which might be proved under the former, the sustaining of a demurrer to the latter is not available error, nor can it be made such by subsequent withdrawal of the general denial.

From the Madison Circuit Court.

M. S. Robinson and J. W. Lovett, for appellant.

C. L. Henry, for appellees.

FRANKLIN, C.—This is an action brought by appellees against appellant for damages and an injunction.

The complaint is voluminous and need not be set out at full length. It substantially alleges, that one Milton Kidwell died March 21st, 1880, the owner of 680 acres of land situated in Madison county, Indiana, which is described in the complaint; that he left as his only heirs the appellees herein, Amanda Kidwell, the widow, and Emma F. and Clara B., his two minor

daughters; that said widow was the guardian of said two minor daughters; that at the June term, 1880, of the Madison Circuit Court, at the suit of said Amanda against said children and the administrators of the estate of said deceased, there was set off to said widow, as against the heirs and creditors of said estate, as and for her one-fifth interest therein, 101 acres, which is also described; that the land which was not so set off to said widow was, as the only heirs of said deceased, held and owned by her and said two minor children as tenants in common, she owning two fifteenths and each of said children six and one-half fifteenths thereof; that on the land not so set off to said widow there were two orchards, on which during the season of 1880 a large amount of fruit was grown; appellant had procured the same to be gathered, and had disposed of a large amount thereof contrary to the wishes of said Amanda, and that there was still a large amount of apples in said orchards which appellant would take away if not enjoined; that since the death of said Milton Kidwell there had been planted, sown and raised on said lands not so set off to said widow, a large amount of oats, flax and corn, which had been cultivated and raised under contracts for rent made with said Milton prior to his death, which rent was to be paid in a part of the crops raised by the tenants; that appellant, claiming to be one of the administrators of the estate of said Milton, had taken the rents from said crops, and had never accounted to or paid appellees therefor; that appellant had used the pasturage growing upon said lands not so set off to said widow, in the pasturage of his individual stock, without compensating appellees therefor. Prayer for damages, and for an injunction against appellants any further intermeddling with said real estate, or the rents or profits thereof.

A demurrer was overruled to the complaint, and an exception reserved.

Appellant answered in two paragraphs:

1st. A general denial.

2d. His administratorship, and actions thereunder as such, averring that all of said acts complained of were done as such administrator; alleging specifically that the estate would be largely insolvent, after exhausting all the assets, both personal and real, and that the creditors would suffer great loss; admitting the partition of one-fifth of the real estate to the widow, and alleging that at the same term of said court at which said partition was made, upon the petition of the administrators of said estate, the court ordered them, as administrators, to sell all of said lands not so set off to said widow, to pay the debts of said estate; that he had taken charge of said lands, and had collected the rents and proceeds thereof as such administrator for the benefit of the creditors, and would account to the court for the same, as well as for what he may thereafter receive; that the full interest of said widow in said real estate had been assigned to her in said partition, and that she had taken full possession of her said part and received all the rents and profits thereof; that no demand or claim had been made of him by said appellees for the possession or the rents and profits of said lands not so set apart to said widow.

A demurrer was sustained to this second paragraph of appellant's answer. He declined to amend and reserved an exception. Appellant then withdrew the general denial, and judgment was rendered on the demurrer for appellees.

The errors assigned in this court are the overruling of the demurrer to the complaint, and the sustaining of the demurrer to the second paragraph of the answer.

The demurrer to the complaint is for two causes, that it does not state facts sufficient, and that there is a misjoinder of parties plaintiffs.

It is contended by appellant's counsel that the complaint is insufficient because it does not show that the widow had any interest in the lands for the reason that one-fifth had been set off to her. By the statute she inherited one-third of all

the lands. This she takes in all cases against the other heirs. Her interest is never less, except as against creditors.

In the case at bar there had been set off to her that portion which was absolutely free from all demands of creditors. The residue belonged to her and her children as tenants in common. No more than two-thirds descended to the children, the residue of the land, the entire one-third, descended to the widow, subject only to the rights of creditors to sell all but one-fifth away from her, just as the two-thirds could be sold away from the children. Thus she owned, along with her two children as tenants in common, the entire four-fifths of the land not set off to her. This four-fifths was liable to sale for the payment of debts, but until sold it was as fully and perfectly the property of the widow and children as if there were no debts against the estate. *Johnson* v. *Johnson,* 9 Ind. 28.

An administrator or executor has no power over real estate except that given by statute or will. Where heirs are present to take charge of the real estate, money received by an administrator for rents or the use of the real estate, when not acting under a special order of the court for that purpose, nor by agreement with the heirs, does not become a part of the assets of such estate. *Hankins* v. *Kimball,* 57 Ind. 42.

As a general rule an administrator, unless in the absence of the heirs or devisees, has no rights as such, in the lands of his decedent, except to subject the same, if necessary, to the payment of debts. *Taylor* v. *Fickas,* 64 Ind. 167 (31 Am. R. 114) ; *Hendrix* v. *Hendrix,* 65 Ind. 329.

The authorities establish the doctrine that the administrator has no rights in or authority over the land except to take charge of the growing crops on the land at the death of the ancestor, and to sell the same. The land descends to the heirs, and the title remains in them until sold by the administrator under an order of court. An order to sell does not change the result before sale, and in the meantime all the growing crops planted and grown after the decedent's death,

and the full enjoyment of the lands, belong to the heirs. *Evans* v. *Hardy*, 76 Ind. 527; *Gregory* v. *Wilson*, 52 Ind. 233.

The emblements and annual crops, with which an administrator is chargeable, do not include those planted and grown after his decedent's death. *Rodman* v. *Rodman*, 54 Ind. 444.

It is also insisted that the complaint is bad, because it prays for an injunction, while the remedy is ample at law. Whether the complaint is sufficient to authorize an injunction or not, we need not determine. The complaint shows a good cause of action for damages, and if it is not sufficient to authorize an injunction against further injuries, a demurrer therefor will not be sustained to the complaint. *Teal* v. *Spangler*, 72 Ind. 380; *Marquess* v. *LaBaw*, 82 Ind. 550.

It is further claimed that the complaint is insufficient, because it does not show that appellant did not take charge of the lands under the statute authorizing him to do so when there are no heirs present. The complaint alleges that the defendant unlawfully and without right took the rents and pastured the lands. Being a wrong-doer, no demand on him was necessary, and there is no presumption that he took charge of the lands because there were no heirs present. *Hendrix* v. *Hendrix, supra.*

There was no misjoinder of parties plaintiffs. There was no error in overruling the demurrer to the complaint.

In considering the second error assigned, the sustaining of the demurrer to the second paragraph of the answer, it may be observed that the first paragraph of the answer, a general denial, was in, and that everything contained in the second paragraph was admissible in evidence under the first. And if the second paragraph was good, the sustaining of the demurrer to it was a harmless error. Appellant's subsequent withdrawal of the first paragraph could not change the force and effect of the ruling upon the second.

But for the reasons given in discussing the demurrer to the complaint, the second paragraph of the answer was bad, and there was no error in sustaining the demurrer to it.

We find no error in this record; the judgment below ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and the same is in all things affirmed, with costs.