FEDERAL LAND BANK OF LOUISVILLE *v.* SCHLEETER ET AL.

[No. 26,103. Filed December 28, 1934. Rehearing denied March 12, 1935.]

10

*Verne G. Cawley,* for appellant.

*Davis & Schaefer,* for appellees.

*Call & Call, George E. Hershman* and *Pattee & McMahan,* amicus curiae.

FANSLER, C. J.—Appellant had judgment against appellees foreclosing a mortgage upon real estate. The land was sold to appellant under the decree. The purchase price was not sufficient to pay the judgment. After the sale, appellant filed a verified petition for the appointment of a receiver to collect the rents and profits upon the real estate during the year of redemption. It was alleged in the petition that, in addition to the deficiency, taxes had been permitted to become delinquent, and that appellees, Edward Schleeter and Mary Schleeter, were insolvent. Said appellees answered by

general denial, and that they were the owners of the real estate in question, and in possession and occupying the real estate as their home, and cultivating the entire tract of real estate, which is a farm, and that none of said land was leased or rented.

By the terms of the mortgage the owners "convey and mortgage unto the party of the second part, its successors and assigns, the following described real estate, with its rents, issues and profits." And there is a further provision that, upon the institution of foreclosure proceedings, the plaintiff shall be entitled to have a receiver appointed "to take possession and control of the premises, to collect the rents and profits, to put said premises in good repair, suitable for farming." And there is a further provision to the effect that upon default the mortgagee shall "be entitled to enter into the possession of the said mortgaged premises and to collect the rents, issues and profits thereof and apply the same on the debt hereby secured."

The petition and answers were verified, and the facts alleged were not disputed. The court refused the petition for the receiver upon the theory, it appears, that, while the mortgagee was entitled to have a receiver appointed to take charge of the rents and profits from the premises under the circumstances shown, if the premises were being occupied by a tenant, it was not entitled to that relief where the mortgagors were personally occupying the premises.

Appellant earnestly contends that the mortgagor's right to possession during the year of redemption depends upon the statute; that it is well settled that where mortgaged lands are in the possession of a tenant, and the mortgagor is insolvent, and the lands do not sell for enough to pay the mortgage debt, a receiver may be appointed during the year of

redemption; that the language of the statute does not permit of a distinction being made between lands personally occupied by the mortgagor and those in the mortgagor's possession through a tenant, and that, therefore, the court erred in refusing to appoint a receiver.

The statute is as follows:

"The owner of the real estate or interest therein, sold as aforesaid, shall be entitled to the possession of the same for one year from the date of such sale." §831, Burns 1926, §2-3919, Burns 1933, §623, Baldwin's 1934.

It is said in the case of *Russell* v. *Bruce* (1902), 159 Ind. 553, 555, 65 N. E. 585:

"But it is equally well settled that in foreclosure proceedings an insolvent mortgagor or owner who does not redeem, and who holds possession by a tenant, as in this case, during the year for redemption, is not entitled to the rents and issues of the property as against a mortgagee purchaser whose judgment is not wholly paid; and in such case a receiver of the rents may be appointed after the sale, or before, upon proof of inadequacy of the security, and insolvency of the debtor."

The rule announced has been consistently adhered to since *Merritt* v. *Gibson* (1891), 129 Ind. 155, 27 N. E. 136. The court was divided in its opinion in the latter case. The entire court seems to have agreed that, where the mortgagor is in actual possession of, and is living upon and occupying, the mortgaged property, his insolvency, and the fact that the land did not sell for enough to pay the mortgage debt, will not afford a sufficient basis for the appointment of a receiver. The difference of opinion arose upon the question of whether or not a distinction can be made and a different rule applied in cases where the mortgaged property is in the possession of a tenant. The majority opinion holds that where the mortgaged lands were rented and in the pos-

session of a tenant, and the mortgagor was shown to be insolvent, and the lands did not sell for enough to pay the mortgage debt, a receiver was properly appointed. The court did not expressly decide that a different rule would apply to cases where the mortgagor is personally occupying the land, but such a distinction is necessarily implied, and in all of the cases since *Merritt* v. *Gibson, supra,* this court has carefully limited the rule that a receiver may be appointed during the year of redemption to cases in which the property is in the possession of the tenant, thus indicating an adherence to the view that a receiver may not be appointed where the mortgaged property is occupied by the mortgagor.

Appellant relies upon the case of *World Building, Loan and Investment Co.* v. *Marlin* (1898), 151 Ind. 630, 635, 52 N. E. 198. Concerning the above-quoted statute, this court said:

> "We think it clear, therefore, that the possession for one year from the date of sale provided for in section 779 (767), *supra,* being section 2 of the redemption law of 1881, is not limited to the actual occupancy of the person named in said section, but means that he is entitled to possession in person or by tenant or grantee for such year; . . ."

But the only question considered in that case was whether the mortgagor is entitled to the rent during the year of redemption if the land is occupied by a tenant, and the words "is not limited to the actual occupancy of the person named," seem to imply that there was no question but that a mortgagor personally occupying the mortgaged land is entitled to possession during the year of redemption.

The purpose of the statute was to protect the mortgagor in his possession during the year of redemption, and it seems never to have been doubted that, when he personally occupied, his possession would not be dis-

turbed because of insolvency or inadequacy of the proceeds of the sale of the land to pay the mortgage, and we adhere to that view. With the question of whether or not the language of the statute permits of a distinction being made in cases where the property is occupied by a tenant, we are not concerned in the instant case.

In none of the cases does the court seem to have given any consideration to the question of whether there were provisions for the appointment of a receiver in ■ the mortgage, but such provisions can be of no controlling force since it is well settled that conditions in a mortgage tending to limit or defeat the right of redemption are void. *Wilson* v. *Carpenter* (1878), 62 Ind. 495; *Turpie* v. *Lowe* (1888), 114 Ind. 37, 15 N. E. 834.

The statute providing for possession by the mortgagor during the year of redemption must be deemed a part of the redemption statute, and they must be ■ construed together. The same public policy which forbids the defeat of the right of redemption by the terms of the mortgage must extend to the quoted section, and forbid the enforcement of any part of the agreement tending to limit the right to possession therein provided for.

There are cases where a court of equity may appoint a receiver pending the year of redemption, or even before foreclosure, but these cases involve the protection of the security. The mortgage and the statute construed together give the mortgagor the right to possession until default, judgment, and sale of the property, and for one year thereafter. No circumstance has been called to our attention which would justify the appointment of a receiver for the property during the year of redemption when it is in the actual possession of the

mortgagor that would not justify the appointment of a receiver before judgment.

Judgment affirmed.

### ON PETITION FOR REHEARING.

FANSLER, C. J.—In support of appellant's petition for rehearing, appellant and numerous amici curiae have filed briefs in which it is vigorously and ably contended that the original opinion herein should be set aside and the cause reversed. We have had no briefs supporting the opposite view.

It is suggested that section 56-701, Burns 1933, §984, Baldwin's 1934, bears directly upon the point decided, and was not referred to in the original opinion. The statute reads as follows:

"56-701. Possession of premises. Unless a mortgage specially provides that the mortgagee shall have possession of the mortgaged premises, he shall not be entitled to the same."

The statute was intended to and did change the common-law rule that, upon the execution of a mortgage, the mortgagee was entitled to hold the premises from the time the mortgage went into effect until payment. But there is no provision in the mortgage here that the mortgagee shall have possession of the property during the term of the mortgage. It is provided that, upon default, the mortgagee shall "be entitled to enter into the possession of the said mortgaged premises and to collect the rents, issues and profits thereof and apply the same on the debt hereby secured." This provision merely provides a remedy in case of default, which is enforced by foreclosure proceedings. The right to have the land sold is inconsistent with the right to possess it, and in case of sale, the rents, issues, and profits go with the land. In case of sale on foreclosure the possession of the land in the purchaser, whether the mortgagee or a

stranger, must be postponed for one year under the redemption statute.

It is further contended that the provision in the mortgage by which the "rents, issues and profits". are mortgaged, takes the case out of the general rule in which the land only is mortgaged to secure the debt. But we do not think so. A mortgage on the land carries with it every beneficial interest, which would include the rents, issues, and profits; but if it were not so, and the rents, issues, and profits were considered as mortgaged, in addition to the land, so that upon foreclosure not only the land, but the rents, issues, and profits must be sold, the right of redemption applies to the latter. In cases where the rents and profits of land for seven years were sold on execution, it was held by this court that the right to receive the rents, issues, and profits does not accrue to the purchaser until the expiration of the year of redemption. *Jewett* v. *Tomlinson* (1894), 137 Ind. 326, 36 N. E. 1106; *Ragsdale* v. *Mathes* (1876), 52 Ind. 495.

It is further contended that the agreement in the mortgage that a receiver may be appointed to take possession and control of the premises, and to collect the rents and profits in the event of foreclosure proceedings, is controlling. But a court of equity will not appoint a receiver upon a mere agreement or request of parties, in the absence of a showing of some statutory or equitable ground for the appointment. *Pressley* v. *Harrison* (1885), 102 Ind. 14, 1 N. E. 188.

It is also contended that the provision of the statute concerning the appointment of receivers, which provides for the appointment of receivers to preserve during the time of redemption any real estate or interest herein sold on execution or order of sale, and to secure to persons entitled thereto

the rents and profits thereof, and which provides that a receiver may be appointed in actions by a mortgagee before foreclosure when it appears that the property is in danger of being lost or materially injured, or when such property is not sufficient to discharge the mortgage debt, and to secure the application of the rents and profits accruing before sale can be had, authorizes the appointment of a receiver notwithstanding the statutory provision that the owner shall be entitled to possession for one year from the date of sale. But we cannot concur in this view. The provision that the owner shall be entitled to possession for one year from the date of sale was enacted in 1881. Prior to that time the right to the rents and profits pending the year of redemption depended upon whether the property was redeemed. The statutes concerning the appointment of receivers were re-enacted in 1881 in substantially the same form in which they were originally passed in 1851. The provisions of those statutes above referred to were applicable to the situation concerning rents and profits during the year of redemption existing prior to 1881, and in some respects are still applicable to a situation which justifies the appointment of a receiver before foreclosure, and even before maturity of a mortgage. But to give those statutes the same force and effect that they had prior to 1881, in respect to such a situation as we have under consideration here, is to entirely ignore and to give no effect to the new enactment of 1881. For a full history of the effect of these statutes, see both opinions in *Merritt* v. *Gibson* (1891), 129 Ind. 155, 27 N. E. 136.

Certain language in the case of *Russell* v. *Bruce* (1902), 159 Ind. 553, 65 N. E. 585, cited in the original opinion, is relied upon. That was a case in which a receiver was appointed to take charge of the rents and

profits of mortgaged property in the possession of a tenant during the year of redemption. In the course of the opinion, the court said (p. 556):

"A mortgage creating a lien on specific property for the payment of a particular debt or the performance of a particular duty is a matter of free contract. The law neither prohibits nor promotes; it authorizes. The contract of the mortgagor is to pay the debt on the terms specified, or surrender to the mortgagee the particular property, not reserving to himself any right therein, except to redeem within the period fixed by law. And when the mortgagor has made default, and the court has decreed a forfeiture of the pledge, such a decree carries with it, by virtue of the contract, a forfeiture by the mortgagor of the entire estate and all rights and incidents connected therewith except the right to redeem by making full payment of the secured debt within the statutory limit. The lien of the mortgage is not merged in the decree, nor discharged by the sale (*Merritt* v. *Gibson, supra*), but continues to operate upon the rents and profits for any unpaid balance until actual possession has been bestowed upon the mortgagee purchaser."

The above language must be deemed to apply only in case of property occupied by a tenant. It was decided upon the authority of *Merritt* v. *Gibson, supra*. That case was decided by a divided court, and it seems to have been conceded by the majority that the rule laid down did not apply where the mortgaged property was occupied by the mortgagor. The rights of the mortgagor and mortgagee, however, are not a matter of free contract. Statutory regulations and public policy are controlling. It was said in *Turpie* v. *Lowe* (1888), 114 Ind. 37, 51, 15 N. E. 834:

"There is no principle in equity better settled, than that every contract for the security of a debt, by the conveyance of real estate, is a mortgage; and all agreements of the parties, tending to alter, in any subsequent event, the original nature of the mortgage, and prevent the equity of redemption, is

void. If the conveyance, or assignment, was a mortgage in the beginning, the right of redemption is an inseparable incident, and cannot be restrained or clogged by agreement." *Wilson* v. *Carpenter* (1878), 62 Ind. 495.

An instrument which is, in fact, a mortgage on real property to secure the payment of a debt, even though it be in form a deed absolute with the right in the mortgagee to sell or take immediate possession upon default, will not in any case enable the owner of the mortgage to take or recover possession of the real property without a foreclosure and sale according to law. If the mortgagor voluntarily delivers possession to the mortgagee, he may hold it; but a court will only put the mortgagee in possession, and will only deliver to him the use and benefits of the property, at the time provided by statute. *Jewett* v. *Tomlinson, supra.*

It is suggested that our holding "that the clause in the mortgage providing for the right of possession is condemned by the same public policy which forbids the defeat by contract of the debtor's rights under the exemption statutes . . . must have been interposed without the court having its attention directed to said Section 56-701, *supra.*" But, as we have pointed out, the section referred to affects only the right to possession during the period of the operation of the mortgage before default. There was no provision in this mortgage that the mortgagee should have possession during that period, and therefore the right to possession was in the mortgagors. We interpret the statutes to require that upon default and foreclosure they shall continue as before default for a period of one year.

Appellant says that, from an exhaustive examination of the decisions of this court and the Appellate Court, it

has been able to locate only two decisions which could be said to be contrary to the decision in this case.

The first case suggested is *Hursh* v. *Hursh* (1885), 99 Ind. 500. An examination of the case discloses that after the judgment of foreclosure a receiver was appointed upon a showing that the mortgagor was insolvent and was committing irreparable injury and waste to the property. A receiver was appointed to take possession of the property, excepting the house and buildings and ten acres surrounding the buildings. The statute of 1881, providing that the mortgagor shall have possession for one year, is not mentioned in the opinion, but reference is made to the general statute providing for the appointment of receivers. This court said that, under the sweeping provisions of the statute authorizing the appointment of receivers, the court possessed ample power to appoint for the purpose stated in the order. One of the purposes stated was to prevent waste or destruction of the premises, and there had been a showing that they were being wasted and destroyed. Such a showing will authorize the appointment of a receiver before default.

The other case is *Hawkins* v. *First National Bank* (1929), 201 Ind. 228, 165 N. E. 547, decided by a divided court; two of the judges dissenting. The appeal seems to have been by an administrator and another. The opinion only discusses the right to appoint as against the administrator. It is apparent from the opinion that the mortgage was insufficient to secure the debt. The mortgagor had died, his administrator had procured an order to sell the property for the purpose of paying debts, and upon such a sale by the administrator under the statute, title would vest in the purchaser immediately without any right of redemption or to possession for a year in the heirs of the mortgagor.

It was alleged that the administrator with the will annexed had not proceeded with diligence in the sale of the real estate as is contemplated by the statute. It was found that all of the material allegations in the petition were true, and a receiver was appointed to collect rents and profits, not during the year of redemption, but until the further order of the court. The creditors of the estate, including the holders of the mortgage, had a right to have the property sold immediately by the administrator, divested of all right of redemption or possession for a year, in addition to the separate remedy of foreclosure. It was held that the assumption of jurisdiction to foreclose the mortgage did not divest the administrator of power to sell; that the power still existed until the sheriff had executed his deed upon the foreclosure sale; that the appointment of a receiver to collect the rents and profits of the real estate did not take possession from the administrator, as he did not have possession. It is not apparent that the heirs objected to the appointment of the receiver upon the ground that they were entitled to possession for a year. The case cannot be construed as sustaining appellant's contention.

Rehearing denied.