PLATTNER *v.* MUTUAL BENEFIT LIFE INSURANCE COMPANY ET AL.

[No. 26,324. Filed February 6, 1936.]

*Samuel E. Cook,* for appellant.

*Howard A. Sommer* and *Lowell S. Love,* for appellees.

ROLL, C. J.—This was an action commenced by appellees against the appellant to recover judgment on certain promissory notes and to foreclose a mortgage executed by appellant on certain real estate situated in Whitley County, Indiana, to secure the payment of the same. The complaint also contained a petition and prayer for the appointment of a receiver to take charge of said real estate, to rent the same and collect the rents thereof during the year of redemption and apply them under the order of the court. The main action was tried and the hearing on the application for a receiver was continued until after the sale of the real estate. The complaint further alleged that in case of default the appellee was entitled to take possession of said real estate or to have a receiver appointed to collect the rents and profits thereof and to apply the same under the order of the court; that the real estate is of insufficient value to pay the mortgage indebtedness; that they are not being collected or if collected not being applied on said mortgage indebtedness and that the record owner is not operating the land and does not live thereon.

Appellant filed answer in three paragraphs. The first was a general denial, the second denies the appellee's allegation that he did not live on said land and third, that at the commencement of this action he was and now is in the actual possession of said land and was and now is residing thereon and ask for the possession of said land and the right to farm the same and receive the crops produced thereon during the year allowed for redemption and that no receiver be appointed.

On April 22, 1933, at the time of the submission of said cause appellant filed a fifth paragraph to the application for the appointment of a receiver alleging that

said real estate had been sold at a sheriff's sale on April 1, 1933, and was bid in by plaintiff; that prior to the filing of this answer he has been in the exclusive possession of all of said real estate and no person has possession of any part of it and prayed that plaintiff take nothing by its petition for a receiver and that none be appointed and he be not disturbed from holding possession during the year given him to redeem from said sale.

The court found that there should be set off to the appellant the house and buildings located upon said real estate and ten acres of land immediately north of the barn for his use during the year of redemption and a receiver be appointed to take charge of the residue of the real estate, to collect the rents and profits of the same during the year of redemption and to hold the same for distribution under the order of the court. Judgment was rendered on said finding.

From the order appointing a receiver appellant appeals under §1302, Burns Ann. St. 1926, §3-2603, Burns 1933.

Appellant assigns fourteen separate assignments of error, all of which present the question whether or not the facts justified the appointment of a receiver during the year of redemption.

The evidence is undisputed, and shows in substance the following facts. That appellant was the owner in fee simple of the real estate mortgaged to appellee; that on April 1, 1933, the real estate was sold under the decree of foreclosure for less than the judgment; that appellee became the purchaser at its own foreclosure sale for some $500.00 less than the amount of the judgment; that during the year 1932 appellant lived most of the time in the town of South Whitley and rented some of the fields to others on a grain basis; that in April, before the hearing on the petition for the ap-

pointment of a receiver appellant moved to the farm and was in full possession thereof; lived on the farm, cared for his stock, and intended to farm the land himself during the season of 1933 with the aid of hired help. No one disputed appellant's possession, and it was not shown nor was there any attempt made by appellee to show that anyone other than appellant lived on the farm or was in possession of any part thereof or had any interest therein.

Under these facts was the court justified in depriving appellant of the right of possession during the year of redemption and placing it in the hands of a receiver? We think not. In the first place there is no evidence that appellant was insolvent and that appellee could not make the amount of his deficiency judgment by levy and execution. In the second place the facts disclosed by the evidence brings it clearly within the rules announced in the recent case of *Federal Land Bank* v. *Schleeter* (1934), 208 Ind. 9, 14, 193 N. E. 378, where the court said:

"The purpose of the statute was to protect the mortgagor in his possession during the year of redemption, and it seems never to have been doubted that, when he personally occupied, his possession would not be disturbed because of insolvency or inadequacy of the proceeds of the sale of the land to pay the mortgage, and we adhere to that view. With the question of whether or not the language of the statute permits of a distinction being made in cases where the property is occupied by a tenant, we are not concerned in the instant case."

Appellee also relies upon the provision in the mortgage providing for the appointment of a receiver in case of default. But this position was disposed of in the above mentioned case in the following language (p. 15):

"In none of the cases does the court seem to have given any consideration to the question of whether

there were provisions for the appointment of a receiver in the mortgage, but such provisions can be of no controlling force since it is well settled that conditions in a mortgage tending to limit or defeat the right of redemption are void. *Wilson* v. *Carpenter* (1878), 62 Ind. 495; *Turpie* v. *Lowe* (1888), 114 Ind. 37, 15 N. E. 834."

We need not extend this opinion further as all questions presented in this case are fully covered and decided in the Federal Land Bank case, *supra,* and upon authority of that case the judgment of the trial court appointing a receiver must be reversed.

Judgment reversed with instructions to the trial court for further proceedings not inconsistent with this opinion.