D'ANGELO *v*. HANSEN, TRUSTEE ET AL.

[No. 26,660.   Filed June 1, 1937.]

*Menczynski & Tomsich,* and *Jesse W. Gammon,* for appellant.

*Sackett & Pyatt,* for appellees.

TREMAIN, J.—This is an appeal from an interlocutory order, entered in a foreclosure proceeding, appointing a receiver to take possession of and rent the real estate involved during the year of redemption.  From that order the defendant in the foreclosure action has perfected this appeal.

The order appointing a receiver was entered December 11, 1935, and the appeal was filed in this court December 20, 1935.  Delay has been caused by attorneys for both appellant and appellees in asking for extensions of time.  The last extension was secured by appellees December 18, 1936, and extended until March 2, 1937.  Appellees have asked no further extension of time and have failed to file briefs.

It appears from the application for a receiver, as well as from the order appointing one, that the premises involved include two buildings located on the same lot. Each building contains storerooms on the first floor and apartments on the second. The defendant, appellant here, occupied and used one apartment as a residence and one of the storerooms as a place of business. The order appointing a receiver is broad enough and included the entire premises. The record shows that the mortgagor was in actual possession of at least a portion of the property at the time the foreclosure judgment was entered and the receiver appointed. It makes no difference, as a proposition of law, that a portion of the property may have been rented to a tenant, for the reason that the appellant is the owner in possession and entitled to the rents and income during the year of redemption, which cannot be contracted away. Such contract would be against public policy. *Knapp* v. *National Building & Loan Ass'n.*, post 217, 7 N. E. (2d) 938; *Federal Land Bank of Louisville* v. *Schleeter et al.* (1935), 208 Ind. 9, 193 N. E. 378, 194 N. E. 628; Section 2-3919, Burns Ind. St. 1933.

Upon the record and the appellant's brief, the judgment is reversed.