MCCLURE ET AL. *v.* THE FEDERAL LAND BANK
OF LOUISVILLE ET AL.

[No. 26,915. Filed April 7, 1938.]

*Cook & Bailey,* for appellants.

*Simmons & Simmons,* for appellees.

SHAKE, J.—Appellee The Federal Land Bank of Louisville began this action against Joseph R. McClure. The original suit was upon certain promissory notes and to foreclose a mortgage given to secure the same on 142.34 acres of farm land. Pending the litigation McClure died and the appellants, who are his heirs at law, were substituted as defendants in the court below. There was a judgment on the notes and a decree of foreclosure. The original complaint contained a petition for the appointment of a receiver to collect the rents and profits from the mortgaged real estate and to have the same applied to the payment of taxes, assessments, the cost of repairs, and the mortgage lien. On motion of appellant Leslie F. McClure, individually and as administrator of his father's estate, the hearing on the original application for the appointment of a receiver was postponed until after the sale of the real estate. The application for the appointment of a receiver was renewed after the sale and issues were formed thereon. A hearing was had and, upon request, the court made a special finding of facts and stated its conclusions of law in favor of the land bank for the appointment of a receiver. This appeal followed and it challenges the authority of the court to appoint a receiver under the showing made.

As a part of the special finding of facts found by the court when the receiver was appointed, the court adopted a prior finding made in the main action when the decree of foreclosure was entered. Among the facts so found were the following: "That the defendant,

Joseph R. McClure, departed this life on the 8th day of December, 1935, . . . intestate, leaving as his only heirs at law the defendant, Leslie F. McClure, a son, . . . and a daughter, Eva Raber, . . . and at the time of the death of said Joseph R. McClure he did not reside or live upon said 142.34 acres of real estate but prior thereto he had been farming the same. . . . That the defendants, Leslie F. McClure and Eva Raber are the owners of said 142.34 acres of real estate as the heirs at law of Joseph R. McClure, deceased. . . . That no person or persons is living or residing upon said real estate but said Leslie F. McClure has been farming the same since the death of Joseph R. McClure, deceased, that he is farming more than one hundred acres of said real estate and appropriating the proceeds to his own use."

On the second hearing the following additional finding was made by the court: "That said defendants have not lived or resided upon said real estate since the said death of said Joseph R. McClure, but said Leslie F. McClure and Eva Raber planted about one hundred acres of corn and beans on said real estate in the spring of 1937, which corn and beans are now growing upon said real estate." It further appears from the court's finding that appellee land bank recovered a judgment for $11,409.84; that the land had been sold by the sheriff for $10,178, with a resulting deficiency judgment of $1,369.76; that appellants had failed to pay the taxes accruing on said real estate, and that the estate of Joseph R. McClure was insolvent.

The appellee seeks to justify the action of the trial court in appointing a receiver upon the following grounds: (1) That the original mortgagor was not even in nominal possession of the mortgaged premises; (2) that the appellants were merely heirs of the original mortgagor, and that one of them, as administrator of the mortgagor's estate, was derelict in his fiduciary

duty; (3) that the estate was insolvent and the land not worth the mortgage; (4) that taxes were delinquent; (5) that the court below found as a fact that the appellants were not in possession; and (6) that the appellants were committing waste, and have not made out such a clear abuse of discretion as would warrant reversal of the order appointing a receiver.

From the facts found by the court it may be adduced that Joseph R. McClure did not actually live on the land at the time of his death, but that he had farmed the same up until that time. It further appears that while appellants did not reside on the property, they had likewise farmed it since their father's death and had thereon a growing crop of 100 acres of corn and beans when the receiver was appointed. This calls for us to say whether the appellants were in possession of the land when the court appointed the receiver, within the meaning of §2-3919 Burns' Ann. St. 1933, §623 Baldwin's 1934. We have no hesitancy in saying that the appellants were in possession under the facts shown. It would be anomalous to say that one who has legal title to farm land and actually cultivates its soil is not in possession thereof. Actual residence on land is not necessary to establish or maintain possession within the meaning of the above statute. This court has already held that an owner is in possession in that sense when the land is cultivated by his tenant. *World Building, Loan and Investment Co.* v. *Marlin* (1898), 151 Ind. 630, 52 N. E. 198; *Federal Land Bank of Louisville* v. *Schleeter* (1934), 208 Ind. 9, 193 N. E. 378, 194 N. E. 628. When the trial court found the facts quoted above, it found, in legal effect, that the appellants were in possession.

Appellants were not resisting the receivership proceedings merely as heirs of their father but as owners.

He having died intestate, the fee of the land ▮ passed immediately to them. They became, instanter, the absolute owners thereof, subject only to being divested in a proper proceeding to provide funds to pay the debts of the decedent and the costs of administering his estate. *Shaw et al.* v. *Hoadley* (1846), 8 Blackf. 165; *Fiscus, Administrator* v. *Moore* (1889), 121 Ind. 547, 23 N. E. 362. Although it appears that the estate of the father was insolvent, there is no showing that any steps were taken to subject the land in controversy to sale to pay debts. Apparently there was no equity therein in excess of the mortgage lien. Under the facts disclosed here appellants were entitled to enjoy the proceeds from the crops grown by them on the land after their father's death and until the expiration of the redemption period. *Gregory* v. *Wilson* (1875), 52 Ind. 233; *Taylor, Administrator* v. *Fickas* (1878), 64 Ind. 167; *Kidwell* v. *Kidwell* (1882), 84 Ind. 224.

The facts distinguish this case from *Hawkins, Administrator* v. *First National Bank of Frankfort* (1929), 201 Ind. 228, 165 N. E. 547. In that case this court upheld the appointment of a receiver where the mortgagor had died, his administrator had procured an order to sell the property to pay debts but had failed to sell, and an independent action in foreclosure had been instituted. The administrator was charged with lack of diligence in the sale of the real estate and the receiver was appointed to collect the rents and profits, not during the year of redemption, but until the further order of the court. The appeal was prosecuted by the administrator and another and, as this court pointed out in the case of *Federal Land Bank of Louisville* v. *Schleeter, supra* (p. 22) : "It is not apparent that the heirs (in the Hawkins case) objected to the appointment of the receiver upon the ground that they were entitled to possession for a year."

The Hawkins case is therefore of no controlling force in the consideration of this appeal.

In *Federal Land Bank of Louisville* v. *Schleeter, supra,* this court, on rehearing, reviewed many of the authorities of this state on the subject of receiverships in foreclosure actions. It was there held that neither the inadequacy of the proceeds arising from the sale of the land to satisfy the mortgage debt nor the insolvency of the debtor are sufficient grounds to disturb the mortgagor's personal possession through receivership during the year of redemption. In the principal opinion the court concluded (p. 15): "No circumstance has been called to our attention which would justify the appointment of a receiver for the property during the year of redemption when it is in the actual possession of the mortgagor that would not justify the appointment of a receiver before judgment."

While there is some evidence in the record which might tend to establish that appellants were guilty of waste, there is no finding to that effect by the court, and it appears clear to us from a consideration of the entire record that the trial judge did not predicate the appointment of a receiver upon that theory. Under the state of the record and the finding of facts made by the court below, we are obliged to hold that the order and judgment appealed from is not sustained by sufficient evidence and is contrary to law.

The cause is reversed, with directions to the court to vacate and set aside the order for the appointment of a receiver herein.

### On Motion to Dismiss Appeal.

SHAKE, J.—Our attention has been called to the fact that on November 22, 1937, appellee The Federal Land Bank of Louisville filed a motion to dismiss this appeal, and that on December 29, 1937, action on this motion

was deferred by this court until the final determination of the cause. By inadvertance, no disposition was made of the motion to dismiss when this cause was decided on April 7, 1938.

The motion to dismiss points out certain technical defects in the appellants' brief, and questions the jurisdiction of this court. We found the brief sufficient to present the errors relied on when we considered the merits of the case. Appellee land bank is in no position to press a consideration of the jurisdictional question for the reason that on January 4, 1938, it filed with this court a petition for time, wherein it said: "That this court has jurisdiction of the cause by reason of the appeal taken from an interlocutory order of the Adams Circuit Court appointing a receiver."

It is therefore ordered that the motion of the appellee The Federal Land Bank of Louisville to dismiss this appeal is denied as of April 7, 1938.