CONNELLY *v.* CALENDER.

[No. 14,555. Filed April 26, 1933.]

*Gemmill, Browne & Campbell,* for appellant.

*Gus S. Condo, Robert R. Batton* and *Robert R. David,* for appellee.

BRIDWELL, J.—A receiver having been appointed for the Gas City State Bank, the appellant filed in the court below the following claim, which was duly verified, to-wit.: "Harry L. Connelly, former Clerk of the Grant Circuit Court of the State of Indiana, being duly sworn upon his oath says as follows: That he was Clerk of the Grant Circuit Court of the State of Indiana, during the years 1927, 1928, 1929 and 1930. That he surrendered said office to his duly elected successor, Landess L. White, on December 31, 1930. That for eight years prior to the term of this claimant as Clerk of the Grant Circuit Court, Samuel A. Connelly was Clerk of said Court, and this claimant succeeded him as said officer on December 31, 1926. That during the time Samuel A. Connelly was Clerk of said Grant Circuit Court, he made various special deposits of trust funds held by him as such officer in First State Bank and after October 4, 1926, in The Gas City State Bank. And on December 31, 1926, Samuel A. Connelly, as Clerk, had a special deposit of trust funds in said The Gas City State Bank, in the sum of Twenty-five hundred dollars ($2,500.00), evidenced by a certificate of deposit issued by said bank, which certificate of deposit, he endorsed and delivered to this claimant, as

his successor in office in making settlement with him. That thereafter said certificate of deposit was renewed by The Gas City State Bank at intervals of approximately three months each and new certificates of deposit issued to this claimant as Clerk of the Grant Circuit Court, representing said special deposit of trust funds. That the last renewal certificate was issued and delivered to claimant as Clerk of the Grant Circuit Court by The Gas City State Bank on July 1, 1930, as evidence of said special deposit of trust funds in said bank. Said certificate of deposit is in the words and figures as follows, to wit.:

'71-762
No. 1277ε

THE GAS CITY STATE BANK

Gas City, Ind., July 1, 1930        $2,500.00

H. L. Conley Clerk has deposited in this Bank Registered 568100....................2500 Dol's 00 Cts.....................Dollars payable on demand to the order of same in current funds on the return of this Certificate properly endorsed.

With interest for even periods of 3 months at 4 per cent per annum if left 3 months.

J. W. Ball
Cashier

No interest allowed after one year from date
This certificate is not subject to check.
Certificate of Deposit.'

"That this claimant was named as 'H. L. Conley, Clerk,' instead of 'H. L. Connelly, Clerk,' as he should have been, but that said name in said certificate of deposit represented this claimant.

"That Rome T. Calender was duly appointed receiver of said The Gas City State Bank, by this court, on September 15, 1930, and duly qualified as such receiver and is now the receiver of said bank.

"That at the time said receiver took possession of the assets of said bank, said certificate was wholly unpaid.

That said receiver has recognized said deposit as a geeral claim and has recognized this claimant as the proper party to whom distribution dividends on said Certificate of Deposit should be paid; and since his appointment, the receiver has made payments on said certificate of deposit as follows: November 26, 1930, $420.05; January 17, 1931, $252.02; April 14, 1931, $252.02. That said payments were accepted by this claimant and paid by him to his successor in office, Landess L. White, as Clerk of the Grant Circuit Court.

"That there is now due and unpaid on said certificate of deposit the sum of one thousand five hundred and seventy-five dollars and ninety-one cents ($1,575.91). That there are no set-offs or counterclaims to same.

"That this claimant is liable on his bond for the payment of said sum of one thousand five hundred seventy-five dollars and ninety-one cents ($1,575.91) to his said successor in office; and the State Board of Accounts of the State of Indiana, by two of its duly appointed and acting field examiners, has found that said sum is due from him and has not been paid to said successor. That this claimant has been unable to make full settlement of said trust funds with his successor in office on account of the insolvency of said bank.

"That said special deposit consisted of trust funds held by the Clerk and when so deposited and at all times since, the said bank knew that said special deposit represented trust funds as aforesaid and that said special deposit in The Gas City State Bank was impressed with a trust in favor of this claimant as said Clerk, and his successor in office. Said deposit as hereinbefore averred was not subject to check, and was not a general deposit.

"That this claimant says that this claim is a preferred claim and he is entitled to the full payment of the balance due on same to enable him to settle his account with his successor in office.

"WHEREFORE, this claimant prays that said claim of one thousand five hundred seventy-five dollars and ninety-one cents ($1,575.91) be allowed as a preferred claim, and that the receiver be ordered to pay same in full, either to this claimant or to Landess L. White, his successor in office and present Clerk of the Grant Circuit Court, for the benefit of this claimant; and for all other proper relief."

Appellee filed his motion to strike said claim from the files for each of the following reasons: (1) "It appears upon the face of the said preferred claim that the said claim of the said Harry L. Connelly is based upon a certificate of deposit, issued by The Gas City State Bank on the 1st day of July, 1930, in the principal sum of Two Thousand Five Hundred ($2,500.00) Dollars, and that his said claim has already been recognized and allowed by this Receiver as a general claim, and dividends of 16 2/3 per cent., 10 per cent., and 10 per cent., have already been paid thereon; and there are no facts stated in the said alleged preferred claim, which, under the law of Indiana, would entitle the said Harry L. Connelly to a preference on the said certificate of deposit; nor are there any facts alleged which would impress the property of The Gas City State Bank with a trust in favor of the said Harry L. Connelly, for the amount of said certificate of deposit.

(2) "It clearly appears upon the face of said complaint that the said certificate of deposit was issued to the said Harry L. Connelly in the regular course of business, and the word 'Clerk' appearing after his name is only *descriptio personae,* and the fact, if it be the fact alleged, that The Gas City State Bank knew that the said funds were trust funds in the hands of the said Harry L. Connelly, would not impress the said funds with a trust in the hands of the Bank.

(3) "There are no facts stated in the said alleged pre-

ferred claim which would create any trust relationship, with reference to the said certificate of deposit, between the said payee thereof, Harry L. Connelly and The Gas City State Bank." This motion was argued before the court and the ruling thereon taken under advisement. Thereafter the motion to strike from the files was sustained and the court rendered judgment as follows: "Come now the parties by counsel and the motion of the receiver herein to strike from the files the preferred claim of Harry L. Connelly, former Clerk, is now sustained, to which ruling of the court the claimant, Harry L. Connelly, at the time excepts, and said claimant is allowed 30 days to prepare and file his bill of exceptions herein.

"And now said claimant elects to stand on said ruling and exception thereto, whereupon it is now ordered and adjudged by the court as follows:

"1. That said claim of Harry L. Connelly, former Clerk, be and the same is hereby disallowed by the court as a preferred claim against the receiver and the assets in his hands.

"2. That said claim as a preferred claim be and is hereby dismissed and stricken from the files in this cause.

"3. That the claimant shall pay the costs incident to the proceedings herein occasioned by the filing of said claim as a preferred claim, taxed at the sum of................ dollars and ............cents.

"All of which is ordered, adjudged and decreed by the court." This appeal followed, the errors assigned, and relied upon for reversal, being as follows: "1. The court erred in sustaining the motion of the appellee to strike from the files the preferred claim of the appellant. 2. The court erred in adjudging that the motion of the appellee to strike from the files the preferred claim of the appellant should be sustained. 3. The court erred in disallowing the claim of the appellant as a preferred

claim.    4.  The court erred in adjudging that the claim of the appellant as a preferred claim should be disallowed. 5.  The court erred in dismissing and striking from the files the appellant's claim as a preferred claim.    6.  The court erred in adjudging that the appellant's claim as a preferred claim should be dismissed and stricken from the files."

We are of the opinion that the several assigned errors need not be considered and discussed separately.   The question to be determined is as to whether the facts alleged in the claim are such that the court committed error in sustaining the motion to strike from the files.

The sufficiency of appellant's claim has not been tested in any manner other than by the motion sustained.   It is well established that a motion to strike out a pleading, or a motion to strike it from the files, can not perform the purpose of a demurrer. *Guthrie* v. *Howland* (1905), 164 Ind. 214, 73 N. E. 259, and cases there cited.   When a pleading is stricken from the files on motion it is eliminated from the record and can not be amended.  Our code (Sec. 409, Burns 1926) provides that "an answer or other pleading shall be rejected as sham, either when it plainly appears upon the face thereof to be false in fact and intended merely for delay, or when shown to be so by the answers of the party to special written interrogatories propounded to him to ascertain whether the pleading is false."

In the instant case no interrogatories were submitted to and answered by the appellant and we have before us only such facts as are alleged in the pleading for consideration in determining whether the pleading in question should have been rejected as a sham pleading.   It is alleged that the deposit sought to be recovered is not a general deposit, but a *special deposit* of trust funds; that the deposit "was impressed with a trust in favor of this claimant as said clerk, and his suc-

cessor in office." In view of these allegations in the claim, either of which could be established by evidence, we can not say as a matter of law, from the other facts pleaded therein, that it plainly appears upon the face thereof to be false in fact and intended merely for delay.

The court erred in sustaining the motion to strike the pleading in question from the files, for which error the judgment is reversed with instructions to the lower court to overrule said motion.