## CONNELLY V. HUNDLEY

[No. 14,554. Filed April 26, 1933.]

*Gemmill, Browne & Campbell,* for appellant.

*Robert M. Van Atta* and *Robert R. David,* for appellee.

BRIDWELL, J.—A receiver having been appointed for the Citizens Bank, Jonesboro, the appellant filed in the court below the following claim, which was duly verified,

to-wit: "Harry L. Connelly, former Clerk of the Grant Circuit Court of the State of Indiana, being duly sworn upon his oath says as follows: That he was Clerk of the Grant Circuit Court of the State of Indiana, during the years 1927, 1928, 1929 and 1930. That he surrendered said office to his duly elected successor, Landess L. White, on December 31, 1930. That for eight years prior to the term of this claimant as Clerk of the Grant Circuit Court, Samuel A. Connelly was Clerk of said Court, and this claimant succeeded him as said officer on December 31, 1926. That during the time Samuel A. Connelly was Clerk of said Grant Circuit Court, he made various special deposits of trust funds held by him as such officer in the Citizens Bank, Jonesboro. And that on December 31, 1926, Samuel A. Connelly, as Clerk, had a special deposit of trust funds in said Citizens Bank, Jonesboro, in the sum of twenty-five hundred ($2,500.00) dollars, evidenced by a certificate of deposit issued by said bank, which certificate of deposit, he endorsed and delivered to this claimant, as his successor in office in making settlement with him. That thereafter said certificate of deposit was renewed by the said Citizens Bank, Jonesboro at intervals of approximately three months each and new certificates of deposit issued to this claimant as Clerk of the Grant Circuit Court, representing said special deposit of trust funds. That the last renewal certificate was issued and delivered to claimant as Clerk of the Grant Circuit Court by Citizens Bank, Jonesboro, on July 1, 1930, as evidence of said special deposit of trust funds in said bank. Said certificate of deposit is in the words and figures as follows, towit:

'71-792
No. 29248

THE CITIZENS BANK
Jonesboro, Ind., July 1, 1930    $2,500.00
H. L. Connelly, Clerk, has deposited in this Bank exactly Two Thousand Five Hundred Dollars, pay-

able to the order of self in current funds on return of this Certificate properly endorsed.

W. D. Jay,
Cashier.

Interest at 4 per cent per annum, if left 6 months. No interest after 12 months. Not subject to check. Certificate CB of Deposit.'

"That Frank M. Hundley was duly appointed receiver of Citizens Bank, Jonesboro, by this court, on September 22, 1930, and duly qualified as such receiver and is now the receiver of said bank.

"That at the time said receiver took possession of the assets of said bank, said certificate was wholly unpaid. That said receiver has recognized said deposit as a general claim and has recognized this claimant as the proper party to whom distribution dividends on said Certificate of Deposit should be paid; and since his appointment, the receiver has made a payment on said certificate of deposit as follows: September 3, 1931, $500.00. That said payment was accepted by this claimant and paid by him to his successor in office, Landess L. White, as Clerk of the Grant Circuit Court.

"That there is now due and unpaid on said certificate of deposit the sum of two thousand ($2,000.00) dollars. That there are no set-offs or counterclaims to same.

"That this claimant is liable for the payment of said sum of two thousand ($2,000.00) dollars to his said successor in office; and the State Board of Accounts of the State of Indiana, by two of its duly appointed and acting field examiners, has found that said sum is due from him and has not been paid to said successor. That this claimant has been unable to make full settlement of said trust funds with his successor in office on account of the insolvency of said bank.

"That said special deposit consisted of trust funds held by the Clerk and when so deposited and at all times

since, the said bank knew that said deposit represented trust funds as aforesaid and that said deposit in the Citizens Bank, Jonesboro, was impressed with a trust in favor of this claimant as said Clerk, and his successor in office. Said deposit as hereinbefore averred was not subject to check, and was not a general deposit.

"That this claimant says that this claim is a preferred claim and he is entitled to full payment of same to enable him to settle his account with his successor in office.

"WHEREFORE, this claimant prays that said claim of two thousand ($2,000.00) dollars be allowed as a preferred claim, and that the receiver be ordered to pay same in full, either to this claimant or to Landess L. White, his successor in office and present Clerk of the Grant Circuit Court, for the benefit of this claimant; and for all other proper relief."

Appellee filed his motion to strike said claim from the files for each of the following reasons: (1) "It appears upon the face of the said preferred claim that the said claim of the said Harry L. Connelly is based upon a certificate of deposit, issued by The Citizens Bank, Jonesboro, Indiana, on the 1st day of July, 1930, in the principal sum of two thousand five hundred ($2,500.00) dollars, and that his said claim has already been recognized and allowed by this receiver as a general claim, and dividend of twenty (20%) per cent, has already been paid thereon; and there are no facts stated in the said alleged preferred claim, which, under the law of Indiana, would entitle the said Harry L. Connelly to a preference on the said certificate of deposit; nor are there any facts alleged which would impress the property of The Citizens Bank, Jonesboro, Indiana, with a trust in favor of the said Harry L. Connelly, for the amount of the said certificate of deposit.

(2) "It clearly appears upon the face of said complaint that the said certificate of deposit was issued to

the said Harry L. Connelly in the regular course of business, and the word 'Clerk' appearing after his name is only *descriptio personae*, and the fact, if it be the fact as alleged, that The Citizens Bank of Jonesboro, Indiana, knew that the said funds were trust funds in the hands of the said Harry L. Connelly, would not impress the said funds with a trust in the hands of the bank.

(3) "There are no facts stated in the said alleged preferred claim which would create any trust relationship, with reference to the said certificate of deposit, between the said payee thereof, Harry L. Connelly and Citizens Bank, Jonesboro, Indiana." This motion was argued before the court and the ruling thereon taken under advisement. Thereafter the motion to strike from the files was sustained and the court rendered judgment as follows: "Come now the parties by counsel and the motion of the receiver herein to strike from the files the preferred claim of Harry L. Connelly, former Clerk, is now sustained, to which ruling of the court the claimant, Harry L. Connelly, at the time excepts, and said claimant is allowed 30 days to prepare and file his bill of exceptions herein.

"And now said claimant elects to stand on said ruling and exceptions thereto, whereupon it is now ordered and adjudged by the court as follows:

"1. That said claim of Harry L. Connelly, former Clerk, be and the same is hereby disallowed by the court as a preferred claim against the receiver and the assets in his hands.

"2. That said claim as a preferred claim be and is hereby dismissed and stricken from the files in this cause.

"3. That the claimant shall pay the cost incident to the proceedings herein occasioned by the filing of said claim as a preferred claim, taxed at the sum of ............ dollars and ............ cents.

"All of which is ordered, adjudged and decreed by the court." This appeal followed, the errors assigned, and relied upon for reversal, being as follows: "1. The court erred in sustaining the motion of the appellee to strike from the files the preferred claim of the appellant. 2. The court erred in adjudging that the motion of the appellee to strike from the files the preferred claim of the appellant should be sustained. 3. The court erred in disallowing the claim of the appellant as a preferred claim. 4. The court erred in adjudging that the claim of the appellant as a preferred claim should be disallowed. 5. The court erred in dismissing and striking from the files the appellant's claim as a preferred claim. 6. The court erred in adjudging that the appellant's claim as a preferred claim should be dismissed and stricken from the files."

We are of the opinion that the several assigned errors need not be considered and discussed separately. The question to be determined is as to whether the facts alleged in the claim are such that the court committed error in sustaining the motion to strike from the files.

The sufficiency of appellant's claim has not been tested in any manner other than by the motion sustained. It is well established that a motion to strike out a pleading, or a motion to strike it from the files, can not perform the purpose of a demurrer. *Guthrie* v. *Howland* (1905), 164 Ind. 214, 73 N. E. 259, and cases there cited. When a pleading is stricken from the files on motion it is eliminated from the record and can not be amended. Our code (Sec. 409, Burns R. S. 1926) provides that "an answer or other pleading shall be rejected as sham, either when it plainly appears upon the face thereof to be false in fact and intended merely for delay, or when shown to be so by the answers of the party to special written interrogatories propounded to him to ascertain whether the pleading is false."

In the instant case no interrogatories were submitted to and answered by the appellant and we have before us only such facts as are alleged in the pleading for consideration in determining whether the pleading in question should have been rejected as a sham pleading. It is alleged that the deposit sought to be recovered is not a general deposit, but a *special deposit* of trust funds; that the deposit "was impressed with a trust in favor of this claimant as said clerk, and his successor in office." In view of these allegations in the claim, either of which could be established by evidence, we can not say as a matter of law, from the other facts pleaded therein, that it plainly appears upon the face thereof to be false in fact and intended merely for delay.

The court erred in sustaining the motion to strike the pleading in question from the files, for which error the judgment is reversed with instructions to the lower court to overrule said motion.