UNIVERSAL CREDIT COMPANY, INC. *v.* COLLIER ET AL.

[No. 15,830.  Filed June 29, 1938.]

*Ralph Hamill* and *Davis Harrison,* for appellant.
*Bingham, Mendenhall & Bingham, Kivett & Kivett,*

*McDonald & McDonald* and *E. F. Huggins,* for appellees.

WOOD, J.—The appellee Maxam purchased an automobile truck on what is generally known as the "finance plan." The appellant became the owner of the truck and finance contract as assignee from the original vendor of the truck. Through the alleged negligence of the appellees Collier and Holstein and while there were payments still unsatisfied on the finance contract, a collision occurred in which the truck was damaged. Appellee Maxam brought suit against his co-appellees Collier and Holstein to recover for the damage to the truck. It is not necessary that we set out the issues between these parties for the purpose of disposing of this appeal.

The appellant filed its petition in said cause alleging the fact that it was the owner, as assignee, of the finance contract and the truck purchased thereunder by Maxam; that said finance contract was still unsatisfied; that appellant had an interest in said truck and prayed that it be permitted to intervene as a party defendant in said cause of action, in order to protect its interest in the truck as evidenced by the finance contract.

This permission was granted. Appellant answered appellee Maxam's complaint by a general denial. Such proceedings were thereafter had in said cause as that: on December 4, 1935, appellant filed its third amended cross-complaint in one paragraph, making the appellees Collier and Holstein, only, defendants thereto; December 17, 1935, the appellee Collier filed his separate demurrer to this third amended cross-complaint for insufficiency of facts to state a cause of action against him. The record does not show that this demurrer was ever ruled upon. While the record does not show that the appellee Holstein filed any pleading directed to this third amended cross-complaint of the appellant, it does

show that during the course of the proceedings he had appeared to and filed pleadings directed to other cross-complaints filed by the appellant, which were superseded by its third amended cross-complaint.

December 20, 1935, the appellee Maxam filed his separate motion to strike out appellant's third amended cross-complaint. February 5, 1936, the court sustained this motion, at which time the record shows that the court made the following and no other entries or orders concerning its ruling on said motion, to wit: "Come now the parties herein by their respective attorneys, and the court being advised sustains plaintiff's (appellee Maxam's) motion to strike out the amended cross-complaint of the defendant, Universal Credit Company, Inc., to which ruling of the court the said defendant at the time reserved its exceptions."

Thereafter on February 25, 1936, the following further proceedings were had in said cause (we quote the record) : "On motion of the plaintiff this cause is dismissed, costs paid." February 28, 1936, appellant interposed an oral objection to appellee Maxam's (plaintiff's) motion to dismiss his cause of action, which oral objection was overruled. March 7, 1936, appellant filed a motion to set aside the order of court sustaining appellee Maxam's (plaintiff's) motion to dismiss. This motion was overruled and the appellant excepted.

On this record the appellant has appealed to this court. Appellant's assignment of error for reversal contains separate specifications of error designated from "A" to "H," inclusive. Because of the facts as presented by the record, specifications "A," "B," and "C" present no question for our consideration. The remaining specifications of error are as follows:

"D. The court erred in sustaining plaintiff's motion to strike out third amended cross-complaint of appellant Universal Credit Company, Inc.

"E. The court erred in sustaining plaintiff's motion to dismiss the cause.

"F. The court erred in dismissing the cause.

"G. The court erred in overruling objections of appellant Universal Credit Company, Inc. to the dismissal of the cause.

"H. The court erred in overruling appellant's motion to set aside the order of court sustaining plaintiff's motion to dismiss and the order and judgment of dismissal."

Specifications of error "E," "F," "G," and "H" present substantially the same question; therefore we will consider them first and together.

At the inception of this cause of action the appellant was not a party thereto in any capacity. It was only upon its petition to intervene that appellant became a party to the action and then only as a defendant. When the appellant became a party defendant on its own petition to intervene, it was required to accept the cause of action as it found it. Appellant was subject to all the rules of pleading and practice which govern defendants generally. Having been thus permitted to intervene, appellant, pursuant to a rule of the court, filed an answer in general denial to the complaint of appellee Maxam and this was the only pleading filed by it relating in any way to appellee Maxam or his cause of action.

Appellant filed a third amended cross-complaint against the appellees Collier and Holstein. The appellee Maxam, the plaintiff in the original cause of action into which appellant voluntarily injected itself as an intervenor, was not made a party to this third amended cross-complaint in any capacity whatsoever. Said third amended cross-complaint was filed December 4, 1935. December 20, 1935, appellee Maxam filed a motion to strike out this cross-complaint, and on February 5, 1936, this motion was sustained, at which time the court made the entry heretofore quoted.

The record does not show that the appellant took or attempted to take or asked leave to take any further steps in said cause as an intervenor from the day on which its third amended cross-complaint was stricken out, neither does the record show that the appellant elected to abide by the ruling of the court in striking out its third amended cross-complaint, stand upon its exception, refuse to plead further and permit judgment to be rendered against it on its third amended cross-complaint as upon default. As the record comes to us, the trial court still has jurisdiction of the parties and the subject-matter so far as the appellant's rights as a cross-complainant are concerned, and no final judgment was entered upon the issues tendered by the third amended cross-complaint. The dismissal by Maxam of his cause of action did not prejudice any rights the appellant had in the cause as cross-complainant. *Moore-Mansfield Construction Co. v. Marion, Bluffton & Eastern Traction Co. et al.* (1913), 52 Ind. App. 548, 101 N. E. 15.

While we have not been able to find a precedent announcing a rule of procedure involving a record where the facts are identical with those in the instant case, methodical procedure and precedents, in cases where the record was quite similar to the one under consideration, indicate that though we have no statute controlling the procedure on motions to strike out pleadings, except §§2-1054 and 2-1069 Burns 1933, §§159 and 461 Baldwin's 1934, there is some analogy between the ruling on a demurrer and a motion to strike out, and that in order to predicate error on the court's ruling in striking out the third amended cross-complaint in this case, it would be necessary to abide by that ruling, stand upon the exception, and allow final judgment to be rendered thereon. Such seems to have been the practice of our courts. *Faylor et al.* v. *Koontz et al.*

(1917), 67 Ind. App. 355, 115 N. E. 95 (transfer to Supreme Court denied April 9, 1918) ; *Globe Mining Co. v. Oak Ridge Coal Co.* (1922), 79 Ind. App. 76, 134 N.' E. 508 (transfer to Supreme Court denied November 23, 1933) ; *Connelly* v. *Calender* (1933), 96 Ind. App. 432, 185 N. E. 338; *Connelly* v. *Hundley* (1933), 96 Ind. App. 439, 185 N. E. 309; *Metropolitan E. Ry. Co. et al.* v. *Johnson* (1899), 158 N. Y. 739, 32 N. Y. Supp. 49, 53 N. E. 1128.

Since the record shows that no final judgment was rendered upon the court's ruling on the motion to strike out appellant's third amended cross-complaint, this appeal was prematurely prosecuted and the same is dismissed.

Curtis, J., concurs in the result.