## SHERWOOD v. BANE

[No. 17,552. Filed November 21, 1946. Rehearing Denied January 10, 1947. Transfer Denied April 1, 1947.]

*Otto E. Grant,* of Ft. Wayne, for appellant.

*Leonard F. Bane* and *James P. Murphy,* both of Ft. Wayne, for appellee.

ROYSE, J.—Appellee's decedent obtained a judgment against appellant in the Superior Court of Allen County on the 26th day of January, 1931. Appellee instituted this action to collect that judgment. The material allegations of the complaint are as follows:

"That on the 26th day of January, 1931, James Joyce recovered a judgment in the Superior Court of Allen County, State of Indiana, against the defendant for the sum of $642.80 and costs, which judgment bears interest at the rate of 6% per annum. That said judgment is now due and unpaid."

To this complaint appellee filed his plea in abatement which, omitting formal parts, is as follows:

"1. That this defendant is now and at all times alleged herein, was a resident of the State of Indiana; that on the 26th day of January, 1931 there was rendered against him in favor of James Joyce a judgment in the sum of $642.80.

"2. That at said time and ever since said date, the said James Joyce was and has been a resident of Champaigne County, in the State of Illinois; that on the 10th day of February, 1932, the said James Joyce died, a resident of said Champaigne County, Illinois and that at said time he had no assets whatever in the State of Indiana and that

at no time since has any assets of said Joyce or his estate come into Indiana; that the only pretense made by the said decedent or any representative of his or his estate at holding and owning assets in the State of Indiana was the fact that at said time he was the judgment creditor in the judgment above referred to, but that being simply a claim held by said decedent had its situs in the county and state of the decedent when he died as above set forth; that on the 14th day of September, 1945, upon the written application of one Joseph W. Joyce, of Champaigne County, Illinois, letters of administration were improperly, wrongfully and unlawfully issued on the estate of said James Joyce, deceased, in the Allen Superior Court No. Two of Allen County, Indiana; that said James Joyce being a resident of Champaigne County, State of Illinois when he died and there being no assets in Allen County of said decedent, the letters of administration above referred to were, as above set forth, improperly, wrongfully and illegally issued; that the judgment above referred to, at the time of his death and ever since the time, is subject to the laws of the State of Illinois and not of Indiana and that the courts of Illinois had jurisdiction over said estate and the assets thereof and the courts of Indiana had no authority or jurisdiction over such assets.

"3. This petitioner further says that on the 10th day of May, 1945, the said Leonard M. Bane, attorney for the plaintiff, filed a complaint in the Superior Court of Allen County for and on behalf of James Joyce and against the defendant thereto, James C. Sherwood, upon the same identical judgment hereinbefore referred to; that at said time when Leonard M. Bane, as attorney for said plaintiff pretended to represent the said James Joyce, the said James Joyce was dead, having died on the 10th day of September, 1932, more than thirteen years before said action was brought and that at the time of his death, he was a resident of Champaigne County, Illinois; that this plaintiff in answer to the complaint filed in May, 1945, filed an affidavit in said cause asking that the said Leonard M. Bane show authority to appear for and on behalf of

said plaintiff, James Joyce, and that soon thereafter said cause was dismissed; that this petitioner, James C. Sherwood, believes and has reasons to believe that the said Leonard M. Bane is the real party in interest in this cause and that said action has not been brought in the name of the real parties in interest."

Appellee demurred to this on the ground it did not state facts sufficient to abate the action. The trial court sustained the demurrer and appellant filed his amended plea in abatement which, in addition to the allegations of the original plea, contained the following averments:

"3. This affiant further says that there are no creditors of said James Joyce or of his estate in the State of Indiana and that since his leaving the State of Indiana prior to the time judgment was taken as above set forth there have been no debts of any kind owing by him or his estate for which either the said James Joyce or his estate would or could be liable to pay.

"4. That for the reasons above set forth in rhetorical paragraph three, the letters of administration issued to plaintiff herein, Leonard M. Bane, were improperly, wrongfully and illegally issued and this court, being the Superior Court of Allen County has no authority or jurisdiction over the judgment above referred to nor has this court or any other court in Indiana jurisdiction over any assets of any kind.

"6. This defendant further says that Leonard M. Bane, as administrator of the estate of James Joyce, deceased, is not the real party in interest in this cause but that the said Leonard M. Bane personally is the real party in interest.

"7. This defendant further says that no intangible taxes or penalties have been paid on the judgment sued upon herein nor has any part of said taxes or any part of the penalties attaching and accruing on account of said judgment been paid."

Appellee then moved to strike out the amended plea in abatement on the following grounds:

"1. That said pleading is a repetition of Plea in Abatement formerly filed herein.

"2. That it is argumentative.

"3. That it pleads conclusions.

"4. That it is a sham and frivolous pleading.

"5. That it does not state any facts that would tend to suspend or defer plaintiff's cause of action."

The trial court sustained this motion and its ruling thereon is the only error assigned here.

Appellant relies on the cases of *Connelly* v. *Calender* (1933), 96 Ind. App. 432, 185 N. E. 338; *Connelly* v. *Hundley* (1933), 96 Ind. App. 439, 185 N. E. 309; *Jones* v. *Evanoff* (1944), 114 Ind. App. 318, 52 N. E. (2d) 359; *Ederer* v. *Froberg* (1945), 115 Ind. App. 414, 59 N. E. (2d) 595, all of which hold, a motion to strike out will not perform the office of a demurrer for want of sufficient facts. We are in perfect accord with the holding in those cases. However, they have no application to the question presented by this appeal. In each of those cases the original pleading was stricken out.

In the instant case the demurrer of appellee to the original plea in abatement was sustained by the trial court. The amended plea in abatement alleged no new matter which arose after the filing of the original plea, nor is it alleged that appellant had no knowledge of the new matter pleaded until after the filing of his original plea.

We are of the opinion this case comes squarely under the rule enunciated by this court in the case of *Van*

*Nuys* v. *Union Insurance Company* (1940), 108 ■ Ind. App. 294, 25 N. E. (2d) 280, where, at page 300-301, it is stated:

"The court must of necessity have some discretionary power in the matter of rejecting pleadings. If the pleader is in possession of all the facts when his original plea in abatement is filed, certainly he cannot, when a demurrer is sustained thereto, continue to file amended pleas in abatement and insert one or two additional averments known at the time the original plea was filed, and then upon an adverse ruling continue to file amended pleas in abatement and insert such other additional allegations. Such a procedure would indefinitely delay the forming of issues and the trial of the cause on its merits.

"In view of the fact that under the statute and decisions of the courts, pleas in abatement are regarded as dilatory pleas and are looked upon with askance by the courts, we do not find any error of the trial court in striking out said second amended plea in abatement as being filed merely for delay. All of the allegations stated in this second amended plea could have been inserted in the original or in the first amended plea in abatement."

Finding no error, the judgment is affirmed.

NOTE.—Reported in 69 N. E. (2d) 611.