INDUSTRIAL MACHINERY CO., INC. *v.* ROBERTS

[No. 28,248.   Filed April 1, 1947.]

*Bernard Stroyman*, and *James A. Ross, Ross, Mc-Cord, Ice & Miller*, of Counsel, all of Indianapolis, for appellant.

*William E. Reiley, Ruckelshaus & Ruckelshaus*, and *John C. O'Connor*, all of Indianapolis, and *Sidney A. Hellenbrand*, of New York, for appellee.

STARR, J.—This is an appeal from an interlocutory order appointing a receiver *pendente lite* without notice. The complaint is in two paragraphs and is too long to be set out in this opinion. It purports to be for an "accounting, a restraining order, and a receiver." This complaint which is verified contains many conclusions of law, matters of evidence and allegations based on information and belief. We recognize the rule that in an appeal of this kind the sufficiency

of the complaint to withstand demurrer will not be tested, *Hawkins* v. *Aldridge* (1937), 211 Ind. 332, 7 N. E. (2d) 34, but we have had great difficulty in attempting to determine upon what theory this action is brought.

From all the allegations in this complaint, both proper and improper, it would appear that the appellant, which is an Indiana corporation, entered into a contract with the War Assets Corporation of Canada for the purchase of 3,105 motor vehicles at $750 per vehicle; that thereafter the appellant entered into a written contract with the appellee wherein the appellant agreed to pay the appellee the sum of $144.50 for each of the vehicle units which the appellee as broker caused to be sold to and paid for by the defendant, Industry Tools, Inc., a corporation; that in pursuance of said brokerage agreement the appellee did obtain said purchaser who entered into a written agreement with the appellant for the purchase of the property; in said purchase agreement the purchaser agreed to pay $1,100 for each of the vehicles and the parties in the agreement recognized the appellee as the agent who was instrumental in bringing about the sale; that the contract of purchase provided that as the purchaser received the goods he would deposit the purchase price in the Riggs National Bank of Washington, D. C. and it was agreed that said bank should, for each $1,100 received, remit $607.50 to the War Assets Corporation of Canada, deposit the balance of $492.50 to the credit of the appellant from which said bank should deduct the commission of the appellee in the amount of $144.50; that by said contract of purchase the appellant was to and did receive as part of said purchase price $50,000 upon its execution and was to receive $400,000 on or before June 10, 1946, and the balance was to be paid in five installments;

that at the time the contract of purchase was executed the parties thereto substituted the National Metropolitan Bank of Washington, D. C. as the disbursing agent and that thereupon said brokerage agreement and contract of purchase were turned over to said disbursing bank; that the initial payment of $50,000 was paid to appellant and deposited in the bank by appellant in its own name and its own credit; that thereafter on June 10, 1946, the appellant received $400,000 on the purchase price and again on July 15, 1946, the sum of $171,600; that the last mentioned payment was made by the defendant Hemisphere Trading Corporation to whom said contract of purchase had been assigned by said Industry Tools, Inc., which assignment was made through the connivance of the parties thereto for the purpose of defrauding the appellee; that neither of the last mentioned payments was deposited with the bank as disbursing agent but was paid direct to the appellant; that prior to the last two mentioned payments the appellant purported to terminate the contract of purchase with the Industry Tools, Inc., on account of the failure of said purchaser to carry out its agreement, this, appellant alleges, was fraudulent and that in truth said contract was not terminated; said complaint also alleges that there was a fraudulent assignment of appellant's contract with the War Assets Corporation of Canada to the defendant D. F. G. Trading Corporation, a Michigan corporation, which assignment was made for the purpose of cheating the appellee and to hinder him in the enforcement and collection of his claim of which no part has been paid.

The complaint prays for a money judgment against all the defendants thereto except the Indiana National Bank; that a receiver be appointed to take over the

assets of appellant, to set aside the assignment of appellant and an accounting.

Appellee in his answer brief contends that there is a defect of parties to this appeal in that the Indiana National Bank, one of the defendants below, was not named as an appellee although its interests are adverse to the interests of the appellant. There is no merit to this contention. Furthermore, appellee, by a proper petition, obtained an extention of time for filing his brief as provided by Rule 2-16, 1946 Revision of the rules of this court. By obtaining this extention he waived his right to dismiss this appeal or to file any other dilatory motion. *McClure* v. *Federal Land Bank of Louisville* (1938), 213 Ind. 644, 14 N. E. (2d) 101, 14 N. E. (2d) 537.

At the time this action was started, and without notice, the court appointed a receiver for appellant.

Appellant has assigned as error, first, that the court erred in appointing a receiver for the appellant; and, second, that the court erred in appointing a receiver for the appellant without notice. We will decide this case on the second assignment of error.

The only evidence offered and received in support of appellee's application for a receiver was his verified complaint and the affidavit of one Sydney A. Hellenbrand. The only allegation in the complaint in regard to the appointment of a receiver without notice is that unless a receiver is appointed without notice the defendants, except the Indiana National Bank, will remove all their assets from the jurisdiction of the court. All that was set out in the affidavit intended to support this application for a receiver without notice was the following statement:

"Plaintiff is unable to obtain the bond necessary as the condition precedent to obtaining a restrain-

ing order because he is a resident of Houston, Texas; that he is unknown in business circles of Indianapolis and that he cannot establish sufficient necessary credit within the short time present to protect his interests."

There was no showing that the appellant was insolvent or in imminent danger thereof nor that there was no person or officer of the appellant present within the state upon whom service of notice could be had.

To justify the appointment of a receiver without notice the proof in support thereof must establish facts showing that protection cannot be afforded the petitioner in any other way. *Kent, etc., Grocery Co.* v. *George Hitz & Co.* (1918), 187 Ind. 606, 120 N. E. 659; *Continental Clay, etc., Co.* v. *Bryson* (1907), 168 Ind. 485, 81 N. E. 210. The allegation in the complaint that if notice is given to the defendants they will remove their property from the jurisdiction of the court with intent to defraud the petitioner is not sufficient for the appointment of a receiver without notice. Under these circumstances a temporary restraining order will afford ample protection until notice can be given. *Kent, etc., Grocery Co.* v. *George Hitz & Co. supra; Morris* v. *Nixon* (1945), 223 Ind. 530, 62 N. E. (2d) 772; *Hawkins* v. *Aldridge, supra; Largura Const. Co.* v. *Super-Steel Products Co.* (1939), 216 Ind. 58, 22 N. E. (2d) 990.

Appellee admitted in the oral argument of this case that a temporary restraining order would have afforded ample protection until notice could have been given but insisted he was justified in not seeking such restraining order because he was not in position to obtain a bond necessary for such injunction on account of his lack of acquaintance in the City of Indianapolis and his inability to establish sufficient

necessary credit to protect his interest. With this contention we cannot agree. Appellee occupies the same position before the law as any other person seeking to obtain the appointment of a receiver without notice.

The interlocutory order appointing a receiver is therefore reversed and the trial court is directed to vacate the same.

NOTE.—Reported in 72 N. E. (2d) 225.