250

BUCK ET AL. *v.* INSTITUTIONAL SECURITIES
CORPORATION ET AL., ETC.

[No. 18,310.   Filed November 20, 1952.   Rehearing
denied February 6, 1953.]

*Anderson, Hicks & Anderson, F. L. Anderson, Sr.* and *F. L. Anderson, Jr.* all of Gary for appellants.

*Hodges, Ridgley & Davis,* of Gary for appellees.

ACHOR, C. J.—Plaintiff, Institutional Securities Corporation, as assignee of first and second real estate mortgages, brought suit against the appellants and appellees, Means & Means, Weiner & Weiner and Johnson & Johnson, to foreclose said mortgages. It also asked personal judgment against appellants based upon a deed of conveyance to appellants from appellees Johnson & Johnson, which deed contained a provision that appellants assumed and agreed to discharge the indebtedness secured by these mortgages.

Appellants, by affirmative answer and cross-complaint, charged Joseph C. Conjalka and others, agents of Johnson & Johnson, with fraudulently having inserted the provision in the deed that appellants assumed and agreed to discharge the indebtedness secured by the mortgages.

The appellants' affirmative answer was incorporated almost in toto into their cross-complaint by reference. On motion of appellees all of said affirmative answer was stricken except as follows: "these defendants (appllants) at no time agreed to assume and discharge any obligations of the defendants (appellees) Johnson & Johnson or any other person as set out in plaintiffs' complaint."

Appellants, in their cross-complaint, asked that Joseph C. Conjalka and others, real estate agents for Johnson & Johnson, be made additional parties-defendant and asked affirmative relief against said parties first, by reason of earnest money paid, and secondly, because of other monies allegedly "deposited" with the mortgagee in payment of the mortgage pending completion of the transaction, and further that a purchaser's lien be adjudged against the property. Appellant also asked that said payments deposited with the plaintiffs (appellees) "be adjudged trust money belonging to these cross-complainants (appellants) and ordered returned to them." The court struck out all of appellants' cross-complaint.

The error assigned is the sustaining of the motion and the striking of the indicated part of appellants' affirmative answer and all of their cross-complaint.

The pleadings stricken are voluminous, and because of the decision of the court in this case, a recital of them is not necessary.

The general rule in this state is now well settled that the striking of allegations of a complaint, or of an entire pleading, is not in itself a final judgment from which an appeal may be taken. The rule upon this issue was clearly stated in the case of *Universal Credit Co., Inc.* v. *Collier* (1938), 105 Ind. App. 483, 487, 15 N. E. 2d 752, as follows:

> ". . . methodical procedure and precedents, in cases where the record was quite similar to the one under consideration, indicate that though we have no statute controlling the procedure on motions to strike out pleadings, except Secs. 2-1054 and 2-1069 Burns 1933, Secs. 159 and 461 Baldwin's 1934, there is some analogy between the ruling on a demurrer and a motion to strike out, and that in order to predicate error on the court's ruling in striking out the third amended cross-com-

plaint in this case, it would be necessary to abide by that ruling, stand upon the exception, and allow final judgment to be rendered thereon. Such seems to have been the practice of our courts. *Faylor et al.* v. *Koontz et al.* (1917) 67 Ind. App. 355, 115 N. E. 95 (transfer to Supreme Court denied April 9, 1918); *Globe Mining Co.* v. *Oak Ridge Coal Co.* (1922) 79 Ind. App. 76, 134 N. E. 508 (transfer to Supreme Court denied November 23, 1933); *Connelly* v. *Calender* (1933), 96 Ind. App. 432, 185 N. E. 309; *Metropolitan E. Ry. Co. et al.* v. *Johnson* (1899), 158 N. Y. 739, 32 N. Y. Supp. 49, 53 N. E. 1128.

"Since the record shows that no final judgment was rendered upon the court's ruling on the motion to strike out appellant's third amended cross-complaint, this appeal was prematurely prosecuted and the same is dismissed."

Appellants, however, assert that there are necessary exceptions to the above rule, as where the striking in itself finally disposes of meritorious and necessary issues in the case and leaves "nothing to be judicially determined by the court between the parties." Appellants contend that the case before us presents such an exception. They cite the case of *Bozovichar* v. *State* (1952), 230 Ind. 358, 103 N. E. 2d 680, and *White* v. *White* (1935), 208 Ind. 314, 316, 194 N. E. 355, 196 N. E. 95, as supporting their position.

We have considered the above cited cases. We do not determine whether or not there may be exceptions to the general rule stated in the case of *Universal Credit Co.* v. *Collier, supra.* We do conclude that facts necessary for such an exception, if any, do not appear in the case before us.

A more serious question is presented by the fact that appellees asked for and were granted an extension of time in which to file their brief. Appellant contends that by reason thereof appellees waived any question

as to the finality of the judgment appealed from and are not now in a position to question the jurisdiction of the court by reason of any insufficiency thereof. Appellant cites Rule 2-16 of the Supreme Court of Indiana; *Industrial Machinery Co., Inc.* v. *Roberts* (1947), 225 Ind. 1, 72 N. E. 2d 223; *McClure et al.* v. *Federal Land Bank of Louisville et al.* (1938), 213 Ind. 644, 650, 14 N. E. 2d 101, 14 N. E. 2d 537; *White* v. *White, supra.*

Rule 2-16, *supra,* states: "The petition shall state . . . that the brief will be on the merits" and "shall show that all motions to dismiss and all dilatory motions on behalf of the petitioner have been filed."

The language of the above cases, based upon the facts therein, support the general and well-established rule that, by the filing of a motion for extension of time, the appellee waives all technical defects in both the record and appellant's brief, and that a motion to dismiss by reason thereof will not thereafter be entertained, but the case must be thereafter considered upon the merits.

The above rule cannot, however, be considered as depriving this court of the right to consider and determine the fact of its own jurisdiction in the case before it, or to determine the question as to the finality of the judgment in the court below where the finality of such judgment is a major issue presented by appellant to be determined by this court.

In the case before us, appellants contend that the striking of a large part of their affirmative answer and all of their cross-complaint constituted a final judgment which was res judicata of the issue involved. This is a major issue presented by appellant for judicial determination. If not such a final judgment, the striking could not constitute reversible error, unless

such striking constituted an abuse of the discretionary power of the court. A determination of this case upon its merits requires a decision upon the issue of the finality of the judgment in the trial court. The issue in no sense involved a technical defect in either the record or the brief, as was true in the case of *Industrial Machinery Co., Inc.* v. *Roberts, supra,* nor is there an attempt here to test the issue by a motion to dismiss, as was true in the case of *White* v. *White, supra,* which said cases were cited by appellants. We, therefore, conclude that the issue was not waived by appellee's motion for extension of time.

We conclude further that, under the facts of this case, in order to present to this court a final appealable judgment, it was incumbent first to refuse to plead further and thereafter suffer judgment to be taken against them upon the pleadings. *Universal Credit Co.* v. *Collier, supra.*

It being determined that there is no final judgment in this cause this court is without jurisdiction to further consider this appeal. Therefore, it is not within the province of this court to determine whether or not the court properly rejected the matters stricken from the pleadings.

For the reasons hereinbefore stated, the appeal is dismissed.

NOTE.—Reported in 108 N. E. 2d 716.