RADER *v.* COLLINS

[No. 19,015. Filed October 6, 1959. Rehearing denied November 19, 1959. Transfer denied January 14, 1960.]

*Albert H. Gavit,* of Gary and *Karl Jacobs,* of Fowler, for appellant.

*George Cohan,* of Gary, and *Barce & Barce,* of Kentland, for appellee.

KELLEY, J.—The appellee, in the court below, brought an action for damages against the appellant herein, alleging negligence of appellant as the cause of an automobile collision in which appellee was injured and her husband and minor son were killed. The first paragraph of appellee's second amended complaint sought a recovery for her personal injuries, and in the second paragraph thereof she sought to recover for the loss of earnings and services of her said minor son.

Issues were joined by appellant's answers in denial to each paragraph of appellee's said complaint. Trial was had by a jury, and by its verdict the jury awarded appellee the sum of $30,000 on her first paragraph of complaint for personal injuries, and $1,000 on her second paragraph of complaint for loss of earnings and services of her minor son, and judgment was rendered on the verdict on both paragraphs of complaint in

favor of appellee. Appellant thereupon filed his motion for a new trial. The grounds of such motion for a new trial, not waived, were in substance that the verdict of the jury on the first and second paragraphs of appellee's complaint is not sustained by sufficient evidence and is contrary to law; that the court erred in overruling appellant's objections to certain questions put by appellee on cross-examination of appellant; that the court erred in refusing to give certain instructions tendered by the appellant; that the court committed error because of the repetitiousness of appellee's instructions numbered 1 through 6 given by the court pertaining to statutory rear truck light requirements; and that the trial court erred in giving certain other instructions tendered by appellee.

Appellant's motion for a new trial was overruled, and appellant presents this appeal on the sole error assigned for reversal that the trial court erred in overruling appellant's motion for a new trial.

The appellee insists that appellant's brief does not substantially comply with Rule 2-17 as to the preparation of briefs. In this connection it must be pointed out that appellee secured two thirty-day extensions of time for the filing of briefs, and in so doing waived objection as to any technical defects in appellant's brief. Rule 2-16; *Buck* v. *Institutional Securities Corp.* (1952), 123 Ind. App. 250, 108 N. E. 2d 716.

Appellant's specifications of error that the verdict on the second paragraph of appellee's second amended complaint is not sustained by sufficient evidence and is contrary to law presents the question of the right of the appellee as the mother of her minor child to recover for loss of services and earnings of such minor child under the circumstances shown by the record.

The statute upon which such action is based is §2-217, Burns' Anno. Stat. 1946 Replacement, which reads as follows:

"ACTION FOR INJURY OR DEATH OF CHILD.—A father (or in case of his death, or desertion of his family, or imprisonment, the mother) may maintain an action for the injury or death of a child, and a guardian for the injury or death of his ward. But when the action is brought by the guardian for an injury of his ward, the damages shall inure to the benefit of his ward."

This statute gives rise to a new and independent action for damages for the destruction of a property right and provides that such action devolves to the mother upon the death of a father. *Hahn, et al.* v. *Moore* (1956), 127 Ind. App. 149, 133 N. E. 2d 900, 134 N. E. 2d 705; *The Louisville, New Albany and Chicago Railway Co.* v. *Goodykoontz* (1889), 119 Ind. 111, 21 N. E. 472; *Thompson* v. *Town of Fort Branch* (1931), 204 Ind. 152, 178 N. E. 440, 82 A. L. R. 1413.

Furthermore, this statute, §2-217, *supra,* is plain in that the father is given the right to maintain such action and *in the case* of his death, desertion of his family, or imprisonment, the mother may maintain the action. (Our emphasis.)

In the case of *Chicago, etc., Co.* v. *Nelson* (1904), 32 Ind. App. 355, 69 N. E. 705, a mother sued for the death of the minor child under the statute in question alleging that the husband had deserted the family rather than that he had predeceased the child, and this court held squarely that it was incumbent upon the mother to prove desertion by the father and that "This was a substantive and issuable fact, and, to maintain her right to sue, she was required to prove it."

The above established rules must be applied to the

facts in the case at bar. From the record it appears that the father and son died in the accident and that their bodies were left in the car while the appellee mother, who survived, was taken to the hospital. There was evidence that the father was alive and breathing when appellant got out of his truck and went to the appellee's car. The record is devoid of any direct evidence as to when the son died.

The appellant maintains that it was necessary that the father predecease the child for the right of action to devolve to the appellee mother. It must be said that the record does not reveal who died first, and that the appellee, who bore the burden of proof, has not established that the father predeceased the son.

In the case of *The Louisville, New Albany and Chicago Railway Co.* v. *Goodykoontz, supra,* the court decided that the right of action created by the statute, §2-217, *supra,* is primarily in the father, but "contingently" in the mother; and ". . . under certain contingencies the mother may maintain an action under the above section." It would seem, therefore, that since this remedy and right of action is purely statutory there is no right in the mother to maintain the action unless the father predecease the child leaving the mother surviving. We are compelled to conclude that here there is a lack of proof on the part of the plaintiff mother (appellee) that the contingency arose which would vest the right of action in her.

In a case from another jurisdiction wherein the facts gave rise to a point similar to the immediately foregoing point raised in the instant case, a holding was made which is favorable to appellant's contention herein. In a case where a father, mother and child were struck by a train and the father survived the child by an hour, the court held that the cause of action for the child's

death vested in him during his lifetime and did not pass to the mother upon his death. *King* v. *Southern Ry. Co.* (1906), 126 Ga. 794, 55 S. E. 965, 8 L. R. A., N. S. 544.

Since, as we have said, the appellee failed to establish her right to maintain the action for the loss of services and earnings of her minor son, the judgment on the second paragraph of appellees' second amended complaint in the amount of $1,000 was contrary to law.

Appellant assigns further error in the action of the trial court in overruling appellant's objections, and in requiring him to answer questions on cross-examination, concerning his previous violation of the motor vehicle laws in failing to display proper clearance lights on his truck on two previous occasions, and in failing to have warning flags on another previous occasion. Prior to the time these objected to questions were asked, the appellant had stated that he checked his rear lights on the occasion in question, and that there was no broken glass on the reflectors and on the fronts of the lights. He further amplified this in the course of his cross-examination and said that it is a custom at night for all truck drivers to walk around the truck and check the lights, and he answered in the affirmative a question regarding his driving habits and the checking of his lights and if he did that all the time.

Thereupon counsel for appellant sought to and did question him on cross-examination and asked that his memory be refreshed as to several violations of the motor vehicle laws, and of his failure to display proper clearance lights. In this connection he was asked about and recalled his previous convictions for such violations. The law is well settled that the extent to which a cross-examination may be carried is largely within the discretion of the trial court. *Craig, Exrx.* v. *Citizens Trust Company* (1940), 217 Ind. 434,

450, 451, points 21-23, 24, 25, 26 N. E. 2d 1006; Crumpacker, *Indiana Evidence,* Vol. 1, §§3430, 3431.

In Jones Commentaries on Evidence, Second Edition, Rev. and Enl., Vol. 5, §2333, at page 4564, it is stated:

> "It is well said:
> " 'The right of cross-examination . . . is a valuable and substantial right, and the courts should incline to extend, rather than to restrict it. Cross-examination is the most potent weapon known to the law for separating falsehood from truth, hearsay from actual knowledge, things imaginary from things real, opinion from fact, and inference from recollection, and for testing the intelligence, fairness, memory, truthfulness, accuracy, honesty, and power of observation of the witness. It has become a truism in the legal profession that—"The testimony of a witness is no stronger than it is made by his cross-examination." ' " Citing *State* v. *Ritz,* 65 Mont. 180, 211 Pac. 298.

In the case of *Pennsylvania Co.* v. *Newmeyer* (1891), 129 Ind. 401, 28 N. E. 860, the court states that a cause will not be reversed by reason of the extent to which cross-examination may be carried "unless it appears that there has been an abuse of discretion to the injury of the party complaining." The appellant did not make such contention in his objection to such questions on cross-examination. Appellant's objections to such questions were based in substance upon (1) irrelevancy, (2) immateriality, and (3) that the best evidence rule was violated. Appellant did not claim nor set forth in such objections that appellant was injured or prejudiced by such cross-examination.

Furthermore, it seems entirely proper and not an abuse of discretion, where a party as a witness assures the jury that he has always followed a practice of carefully checking his lights on all occasions, to permit the other party to bring out in further

cross-examination that the witness has been lax in such regard to the extent of being convicted for numerous violations of the motor vehicle laws as to such matters. To deny appellee the right to so cross-examine would have given the appellant an unfair advantage. The action of the court in overruling appellant's objections to such questions on cross-examination did not, in our opinion, constitute an abuse of the court's discretion.

Appellant's specifications of error in his motion for a new trial numbered 20, 21, 22, 23, 24 and 25 assert that the trial court committed error in the giving of appellee's tendered instructions 1 through 6 over appellant's objections. Appellant claims that the giving of such instructions constituted reversible error because of their repetitiousness as to statutory rear light requirements for trucks. Appellee's tendered instruction No. 3 was not given by the trial court, and therefore is not in issue here.

The instructions complained of, Nos. 1, 2, 4, 5 and 6, referred to the provisions found in the statutory requirements contained within §§47-2204, 47-2301, 47-2214, 47-2207 of Burns' Anno. Stat., 1952 Replacement.

Appellee's complaint referred to numerous separate violations of said aforementioned sections of the motor vehicle code, and alleged violations of statutory duty owed by the appellant to the appellee on the night in question.

Instruction No. 1 apprised the jury of the legal requirements for tail lights on moving or parked vehicles. Such requirements are found in §§47-2204 and 47-2214, Burns' Anno. Stat., *supra*.

Instruction No. 2 recited the provisions found in §47-2301, Burns' Anno. Stat., *supra*, with reference to the good working order and adjustments of the equipment on motor vehicles and limited the application of such

provisions to the lighting apparatus on the rear of appellant's truck.

Instruction No. 4 deals with the provisions found in §47-2214, Burns' Anno. Stat., *supra,* with reference to the light requirements applicable to appellant's truck while stopped on the traveled part of roadway, either attended or unattended, between a half hour after sunset and a half hour before sunrise, in which case it is provided that a red light must be visible from a distance of five hundred (500) feet to the rear. Said provisions are distinguishable from the requirements when appellant's truck was in motion.

Instruction No. 5 referred to provisions found in §47-2204, Burns' Anno. Stat., *supra,* as to the requirement of taillight visibility and the illumination with a white light of the rear registration plate.

Instruction No. 6 referred to appellant's statutory duty under the provisions found in §47-2207, Burns' Anno. Stat., *supra,* which covers entirely different subject matter than the other instructions, the same having to do with the requirement of reflectors, clearance lamps and stop lights on trucks or buses and those measuring eighty (80) inches or more in over-all width and less than thirty (30) feet in over-all length. The matters covered in this instruction are not covered by any other instruction given by the court or tendered by the appellee.

The appellant insists in his brief that one repetition of rear light requirements was one too many. Some of the requirements of §47-2204 and §47-2214 were repeated in two separate and distinct instructions. No other repetitions are found.

In substance, the said objected to instructions 1, 2, 4, 5 and 6 advised the jury of the various legal or statutory provisions pertaining to the lighting require-

ments of parked or stopped motor vehicles during a certain time of the day, the necessity of good order and adjustment of the vehicle equipment, the illumination of the registration plate, and the reflectors, clearance lamps and stop lights required on buses and trucks and trucks of certain dimensions. After reciting the statutory or legal requirement, each instruction told the jury, in substance, that if they found that there was a failure to comply with the particular requirement or requirements set forth in the instruction and such failure was the proximate cause of the collision and resulting injuries to appellee, then the appellant was guilty of negligence, unless the jury further found from the evidence that under circumstances beyond control of appellant and not produced by his negligence, it was impossible or excusable for him to comply with the stated legal requirements. The instructions were not mandatory in form, that is, they did not direct the jury to find for the appellee if it found that appellant was negligent in the respects set forth in the instructions.

There were four sections of the Highway Traffic Regulation Act of 1939 (Acts of 1939, ch. 48, p. 289), which was in force on April 6, 1950, the alleged date of the accident involved in the subject matter of the said five instructions complained of. To have incorporated the pertinent provisions of the several sections in one or two instructions, we think would have rendered such instructions unwieldy and confusing. That each instruction covered the applicable provisions of a different one of the several sections of the statute would hardly, in our opinion, cast such instructions in the category of repetitiousness. The situation is wholly different from that found by the court in *Keeshin Motor Express Co. et al.* v. *Glassman* (1942), 219 Ind. 538, 38 N. E. 2d 847, one of the cases upon which appellant

relies. The declaration of the Supreme Court in that case seems apropos here:

"While this court has long recognized the well known principle that frequent and unnecessary repetition of correct statements of law in instructions may be reversible error, it has been reluctant to reverse a judgment solely on that ground. Application of the principle is made difficult in that the error is not *prima facie* prejudicial, as where an instruction incorrectly states the law, but becomes prejudicial by the *quantum* of the repetition and the relative importance of the issue emphasized. *In any set of instructions there is apt to be some reiteration of the applicable rules of law.* The number of times an instruction is repeated is not the criterion. Rather it is the probable effect which that repetition will have upon the jury's proper consideration of the evidence. We would invite many unnecessary appeals if we did not make it clear that only in exceptional cases, and particularly where from the whole record we cannot fairly say that a correct result was reached, will we attempt to apply the principle." (Our emphasis.)

Considering the instructions complained of in the instant case, viewed in the light of what we have said and the reasoning of the Supreme Court in the aforesaid case of *Keeshin Motor Express Co.* v. *Glassman, supra,* we hold that under the true criterion applicable in such cases the given instructions, 1, 2, 4, 5 and 6, do not constitute reversible error under the rule with reference to repetitious instructions.

We have examined the other objections urged to other instructions given in the court below, and we do not find any reversible error, and we are compelled to conclude that considering the law and the evidence and the issues presented on this appeal that the case was fairly tried and a just result reached under the law and the evidence.

For the reasons given herein the trial court did not err in overruling appellant's motion for a new trial.

Judgment affirmed as to appellee's first paragraph of complaint and reversed as to judgment for appellee for the loss of services and earnings of her minor son on the second paragraph of complaint.

Judgment affirmed in part and reversed in part.

NOTE.—Reported in 161 N. E. 2d 381.